**James Linzie JONES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–265–CR.**

Court of Appeals of Texas, Fort Worth.

March 23, 1993.

J. Don Carter and Matthew A. King, Fort Worth, for appellant.

Richard Hattox, Dist. Atty., Granbury, for the State.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

HILL, Chief Justice.

James Linzie Jones appeals his conviction by a jury of the offense of attempted sexual assault. The jury, finding an enhance-

ment allegation to be true, assessed his punishment at twenty years confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000.

Jones contends in eight points of error that the trial court erred by: (1) instructing the jury concerning the offense of attempted sexual assault because that offense is not a lesser included offense of burglary of a habitation with intent to commit sexual assault; (2) refusing to admit the testimony of Bobby Dale Jones, Rhonda Susan Walker, and Cynthia Jones that showed his state of mind and lack of intent to commit the offense of burglary of a habitation with intent to commit sexual assault; (3) denying his motion for directed verdict; (4) refusing to charge the jury on the defense of mistake of fact; (5) instructing the jury regarding the application of parole law to his sentence in violation of his constitutional rights; and (6) improperly instructing the jury on the laws concerning parole as set out in TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(c) (Vernon Supp.1993).

We affirm because: (1) the trial court did not err in denying Jones's motion for directed verdict because the evidence was sufficient to establish the complaining witness as the owner of the habitation in question, and any error was harmless because Jones was not convicted of burglary; (2) the trial court did not err in instructing the jury to consider the lesser included offense of attempted sexual assault because it is a lesser included offense to the charge that Jones entered the habitation without the consent of the owner and further attempted to commit sexual assault; (3) the trial court did not err in refusing the testimony of three witnesses that Jones thought that he had a date with the complaining witness, because the testimony was not relevant to the issue of whether Jones attempted sexual assault; and, even if the testimony were relevant, the trial court could reasonably have determined that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice; (4) even if the trial court had erred in failing to submit an instruction to the jury concerning his mistake of fact in thinking that he had a date with the complaining

witness, the instruction had relevance only to the charge of burglary and Jones was effectively acquitted of that charge. Consequently, any such error would not have been such an error as contributed to Jones's conviction for attempted sexual assault or to his punishment for that offense; (5) Jones presents nothing for review with respect to his contention that the trial court's parole law instruction violates his rights under the United States and Texas Constitutions; and (6) Jones did not object to the trial court's failure to instruct the jury that it was not to consider how the parole law applied to him and he did not suffer egregious harm as a result of the omission.

Jones contends in point of error number five that the trial court erred by denying his motion for directed verdict because the evidence was insufficient to establish the complaining witness as the owner of the habitation in question.

We will view the evidence in the light most favorable to the jury's verdict and determine whether, after so viewing the evidence, any rational trier of fact could have found this essential element beyond a reasonable doubt. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

The indictment alleged the complaining witness as the owner of the habitation in question. "Owner" is defined in the Texas Penal Code as:

[A] person who:

(A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

TEX. PENAL CODE ANN. § 1.07(a)(24) (Vernon Supp.1993).

The evidence showed that the complaining witness and a male companion rented and resided in the habitation in question and that she had not given Jones any authority to be in the residence.

As stated in the statute, ownership of a burglarized premises may be proven either by title, possession, or a greater right to

possession than the defendant. *See Alexander v. State,* 753 S.W.2d 390, 392 (Tex. Crim.App.1988), *on remand,* 757 S.W.2d 95 (Tex.App.—Dallas 1988, pet. ref'd).

In this case the State proved ownership both by showing possession in the alleged owner, as well as by showing a greater right to possession.

Jones argues that evidence of renting or living in the habitation is insufficient to prove ownership under the law. He relies on the cases of *Alexander, supra,* and *Davis v. State,* 783 S.W.2d 313 (Tex.App.—Corpus Christi 1990, no pet.). We have examined both of those cases and find neither to be in conflict with our decision.

■ We also note that Jones was effectively acquitted of the offense of burglary of a habitation. Consequently, we can say beyond a reasonable doubt that any error in overruling Jones's motion for directed verdict as to the offense of burglary of a habitation was harmless because it did not contribute to his conviction. We overrule point of error number five.

Jones insists in point of error number one that the trial court erred when it instructed the jury to consider the lesser included offense of attempted sexual assault if it failed to convict him of burglary of a habitation with intent to commit sexual assault. He argues that the offense of attempted sexual assault is not a lesser included offense of burglary with intent to commit sexual assault.

■ Among other things, article 37.09 of the Texas Code of Criminal Procedure provides that an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX. CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981). The indictment alleged that Jones, without the effective consent of the owner, entered a habitation with intent to commit sexual assault. In a second paragraph, the indictment alleged that Jones entered the habitation without the effective consent of the owner and further that he committed sexual assault or attempted to commit sexual assault.

The second paragraph of the indictment charged Jones with a violation of section 30.02 of the Texas Penal Code. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). It would be an offense under that section if Jones entered the habitation as alleged and attempted sexual assault. As can be observed, the offense of attempted sexual assault constitutes the same or less than all of the facts required to establish proof of the offense charged. Consequently, we hold that attempted sexual assault is a lesser included offense when one is charged with entering a habitation without the effective consent of the owner and attempting sexual assault.

Jones principally relies on the theory that where one is charged with burglary with intent to commit an offense, that such an offense is not a lesser included offense of the burglary. His discussion is based on the fact that the intent to commit an offense is not the same as the commission of that offense. We find his discussion not to be relevant here because prosecution under section 30.02(a)(3) of the Penal Code requires proof that the defendant attempted sexual assault, not merely that he intended to commit sexual assault at the time he entered the habitation. We find, for example, that the cases cited by Jones, including *Houston v. State,* 556 S.W.2d 345 (Tex. Crim.App.1977), are distinguishable on that basis. We overrule point of error number one.

■ Jones urges in points of error numbers two, three, and four that the trial court erred by refusing testimony of three witnesses to the effect that he had told them that he had a date with the complaining witness on the occasion in question.

The complaining witness had testified that Jones had entered her residence without her permission and tried to sexually assault her. She indicated that she had made no arrangement for Jones to be present on the occasion in question.

■ Jones was not allowed to present testimony from witnesses who would have testified that Jones had told them that he had a date on the occasion in question.

Jones submits that he did not seek to admit the testimony for the truth of his assertion, only to show his state of mind. We hold that Jones's thought that he had a date was not relevant because it would not have constituted a defense to his entering the complaining party's residence without her consent or attempting to sexually assault her. The testimony would not have gone to impeach the complaining party's testimony that they had no date because it would only have been admitted to show Jones's state of mind, not the truth of his assertion that they did have such a date. Because the testimony was irrelevant to any issue before the jury, the trial court did not err in refusing to admit it. See TEX.R.CRIM. EVID. 402. Even if we be in error in holding that the testimony is irrelevant, the trial court could have reasonably determined that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. See TEX. R.CRIM.EVID. 403. We overrule points of error numbers two, three, and four.

■ Jones insists in point of error number six that the trial court erred by refusing to charge the jury on the defense of mistake of fact. He contends there was evidence that he thought he had a date with the complaining witness, so he thought that he had her consent to enter her residence. As we have previously noted, Jones was effectively acquitted of the offense of entering the complaining party's residence without her consent. Consequently, if the trial court erred as urged by Jones, the error was not such an error as contributed to Jones's conviction for attempted sexual assault. Jones does not urge any mistake of fact that would have contributed to his committing that offense. Certainly his thinking that he had a date with the complaining witness would not have justified his attempting to sexually assault her over her protestations, in the manner shown by the evidence in this cause. We overrule point of error number six.

■ Jones contends in point of error number seven that the trial court's parole law instruction given to the jury at the punishment phase of the trial violated his right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and violated his right to due course of law guaranteed by article I, sections 13 and 19 of the Texas Constitution. The instruction in question was given after the Texas Constitution was amended to provide for such an instruction. Jones fails to argue why the instruction violates these constitutional provisions nor gives any authority for his contention that the instruction violates his rights under these respective constitutions. Therefore, he presents nothing for review. We overrule point of error number seven.

■ Jones argues in point of error number eight that the trial court erred by giving an improper instruction concerning the parole law. The proper instruction is contained at article 37.07, section 4(c) of the Texas Code of Criminal Procedure. The trial court omitted the portion of the instruction that would have told the jury that it was not to consider the manner in which the parole law might be applied to Jones. Jones made no objection to this omission. We must determine whether the error was so egregious and created such harm that Jones has not had a fair trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim. App.1984) (opinion on reh'g). In making this determination, we must estimate the actual degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. Id.

Evidence at the punishment hearing showed that Jones had twice previously been convicted of felonies, one for theft from a person and one for sexual assault. The trial court instructed the jury that if it found that Jones had previously been convicted of sexual assault as alleged it was to assess his punishment at not more than twenty years or less than two years in the Texas Department of Criminal Justice, Institutional Division, and that it might assess a fine not to exceed $10,000.

In final argument, the prosecutor told the jury that it had been instructed not to apply the parole law to Jones, and he urged them not to do so. After Jones's counsel argued for a punishment less than the maximum, the State argued in favor of the maximum, specifically referring the jury to Jones's prior conviction of sexual assault.

The jury assessed Jones's punishment at the maximum, twenty years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000. There is no evidence that the jury discussed how the parole law would specifically apply to Jones.

Given the totality of the record, which includes the prosecutor's argument to the jury that it should not consider how the parole law was to be applied to Jones, we do not find that Jones suffered egregious harm by the error in the charge. We overrule point of error number eight.

The judgment is affirmed.