

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CARLOS GALLEGOS, | § | No. 08-23-00156-CR |
| Appellant, | § | Appeal from the |
| v. | § | 210th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20220D00799) |

## MEMORANDUM OPINION

This appeal questions the trial court's ruling on a directed verdict—the novelty is that the jury acquitted the defendant on the very charge for which the judge denied the directed verdict. We are not persuaded that the trial court erred, or that if so, it has harmed Appellant. We affirm the judgment below.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Carlos Gallegos was indicted on one count of manufacture or delivery of a controlled substance in penalty group one in an amount of four grams or more but less than 200 grams. After the State's case-in-chief, which we describe below, Gallegos moved for a directed verdict, arguing there was no evidence of his intent to deliver the controlled substance. The court denied the motion. The jury acquitted Appellant on the manufacture or delivery charge but found

him guilty of the lesser-included offense of possession of a controlled substance. He received a ten-year sentence, that was suspended for ten years of community supervision.

This appeal deals only with the propriety of the directed verdict for the acquitted charge and does not complain about the evidence or rulings pertaining to the possession conviction. So we describe the evidence that was before the trial court when it denied Appellant's motion for directed verdict.

On January 14, 2022, Officer Telles and Sargent Vela were on patrol in a residential area in El Paso County notorious for generating police calls. They saw a car parked more than 18 inches from the curb. As they drove next to the car, they noticed the three occupants making suspicious movements towards the center console or the floorboard of the vehicle, as if they were attempting to hide something. Immediately, the front passenger, Appellant, exited the vehicle and walked onto the sidewalk. Officer Telles and Sargent Vela also exited their patrol car and approached the subjects. Sargent Mejia, who had arrived at the scene as backup, witnessed Appellant throw something into the yard of a nearby home; he and Officer Telles began searching the area for that object. In the yard, they found a plastic bag containing smaller plastic baggies, each of which contained a white powdery substance that was later confirmed to be cocaine. There were 26 smaller baggies of cocaine in total, weighing an aggregate of 9.88 grams. Officer Telles testified a small bag was also found in Appellant's pocket. Officer Telles took photographs of the drugs and collected the evidence from the scene.

The State called Detective Christopher Nunez to testify about his experience as a narcotics investigator. He testified that narcotics are usually packaged in large bundles or smaller baggies that are intended for individual sale. Cocaine bindles, which are individually packaged cocaine portions known as "doves," weigh around one-third of a gram—which is a "modally small"

amount of cocaine. Although the State attempted to elicit testimony regarding the amount a habitual cocaine user would consume, the court sustained an objection as to improper predicate. Instead of laying that predicate, the State segued to asking Detective Nunez what, in his experience, he would investigate if he were to encounter a subject with 26 baggies of narcotics. After explaining his procedure for detecting drug traffickers while undercover as a user, Detective Nunez testified that 26 baggies would prompt him to investigate whether the subject was a drug trafficker who manufactures or delivers drugs. He also testified that nine grams of cocaine has a street value of $600. Finally, after being shown an exhibit depicting the cocaine bindles retrieved in this case, Detective Nunez testified that these are the kinds of bindles that drug traffickers frequently sell to him while he is working undercover.

At the close of the State's case-in-chief, Appellant moved for a directed verdict arguing that there was no evidence of Appellant's intent to deliver. In response, the State pointed to Detective Nunez's testimony and the reasonable inferences that the jury is allowed to make from the evidence of the manner of packaging. The court denied the motion. Consequently, two charges as requested by the State were submitted to the jury for deliberation: one for possession with the intent to deliver and the other for possession of a controlled substance.[1] The jury acquitted Appellant of the delivery charge but convicted him of the possession charge. On appeal in a single issue, Gallegos urges this Court to reverse the trial court's judgment and enter a judgment of acquittal or remand for a new trial.

---

[1] As we have recognized before, "[t]he State could pursue the charged offense alone, or the State could also obtain instructions on a lesser-included offense, or the State could abandon the charged offense altogether in favor of prosecuting the lesser-included offense." *Brooks v. State*, No. 08-15-00208-CR, 2017 WL 6350260, at *6 (Tex. App.—El Paso Dec. 13, 2017, pet. ref'd) (not designated for publication) (citing *Grey v. State*, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009)).

## STANDARD OF REVIEW AND ANALYSIS

Appellant was indicted for the manufacture or delivery of a controlled substance in penalty group one in an amount of four grams or more but less than 200 grams. A person commits that offense "if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code Ann. § 481.112(a). Cocaine is a penalty group one substance. *Id.* § 481.102(3)(D). The term "deliver" means to "transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship." *Id.* § 481.002(8).

Additionally, a defendant's intent to deliver can be proved by circumstantial evidence, such as "the nature of the location where the defendant was arrested, the quantity of drugs the defendant possessed, the manner of packaging the drugs, the presence or absence of drug paraphernalia, whether the defendant possessed a large amount of cash, and the defendant's status as a drug user." *Hughitt v. State*, 539 S.W.3d 531, 542 (Tex. App.—Eastland 2018), *aff'd*, 583 S.W.3d 623 (Tex. Crim. App. 2019). Moreover, intent to deliver can be established by the expert testimony of experienced law enforcement officers. *Id.*

Appellant argues on appeal that there was no evidence of his intent to deliver the bindles of cocaine. As his argument goes, Detective Nunez, the State's only witness on the subject, merely testified that when he observes an individual with 26 baggies of narcotics, he *investigates* whether they are a drug trafficker, which is insufficient to make the inferential leap that 26 baggies alone is indicative of an intent to deliver. Additionally, Appellant argues that while intent can be inferred from circumstantial evidence, none of the case-law factors informing the intent-to-deliver element weigh in favor of finding intent here. Thus, Appellant argues there is no evidence of his intent to deliver, and the trial court erred in denying his motion for directed verdict.

4

We review a trial court's ruling on a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Under this standard, we would determine whether the evidence, when viewed in the light most favorable to the verdict, would permit any rational jury to find the essential elements of the offense met beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (establishing legal sufficiency under *Jackson v. Virginia* as the only standard for review of the evidence).

Under the *Jackson* standard, we conclude that the trial court did not err in denying the directed verdict. Some evidence directly tied Appellant to the cocaine, packaged in 26 bindles. Packaging can be an important circumstance that a jury may consider in deciding whether a person is possession for personal use, or for sale. *See Munoz v. State*, No. 08-23-00084-CR, 2023 WL 6368333, at *4 (Tex. App.—El Paso Sept. 28, 2023, no pet.) (mem. op., not designated for publication) (affirming intent to deliver verdict based in part on possession of 52.369 grams of methamphetamine "along with a smaller, separately packaged quantity" and noting "[c]ourts have found that the manner of packaging is a relevant factor in determining whether drugs were intended for delivery as opposed to mere personal consumption."). "A larger quantity of drugs packaged into smaller quantities for resale has been found to be evidence of the practice of dealing." *Id.* (citing *Hughitt*, 539 S.W.3d at 542). The narcotics officer testified that that kind of packaging would put an experienced police officer on alert for delivery, and the bindles are what he is commonly sold when undercover. The street value of all the bindles was over $600. These circumstances, and particularly Appellant's connection to the 26 packages was sufficient to allow the case to proceed to the jury. "[I]ntent to deliver" is a question of fact for the jury, and it may be inferred by the acts, words, or conduct of the accused. *Taylor v. State*, 106 S.W.3d 827, 831

5

(Tex. App.—Dallas 2003, no pet.). Here, the jury ultimately declined to find the State had proven delivery beyond a reasonable doubt, but the trial court did not err in allowing the jury to consider that question.

And even if there was error, it was harmless considering the jury acquitted Appellant on the indicted charge. *Taylor v. State*, 630 S.W.3d 262, 263 (Tex. App.—Eastland 2020, no pet.) (citing *Jones v. State*, 850 S.W.2d 236, 239 (Tex. App.—Fort Worth 1993, no pet.)) ("Any error in failing to grant a directed verdict on a particular offense is harmless beyond a reasonable doubt when the jury did not find the defendant guilty of that offense."); *see also Fragoso v. State*, No. 08-22-00182-CR, 2023 WL 4295855, at *4 (Tex. App.—El Paso June 30, 2023, pet. ref'd) (mem. op., not designated for publication) (same); *Villareal v. State*, No. 02-19-00405-CR, 2021 WL 1323414, at *2 (Tex. App.—Fort Worth Apr. 8, 2021, pet. ref'd) (mem. op., not designated for publication) (same). Because the error, if any, was harmless, we overrule Gallegos's sole issue on appeal.

## CONCLUSION

We overrule Gallegos's sole issue on appeal and affirm the verdict.

JEFF ALLEY, Chief Justice

June 4, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

6