SALOME RODRIGUES, FRANCISCO SANDEZ AND R. P. FRANK v. THE STATE.

No. 11822.   Delivered May 30, 1928.

The opinion states the case.

*Moore & Wilson* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, robbery with firearms; penalty, five years in the penitentiary.

Felipe Otero, prosecuting witness, occupied a bunk car as a member of an extra gang working for the Santa Fe Railroad and testified he was robbed of $141.00 by appellants on the night of October 18, 1927. He positively identified the three appellants as the parties who took his money, which was apparently in an envelope. At the same time the appellants are shown to have robbed one of his companions of two checks and $20.00 in money. One of these checks was for the sum of $34.90, and was introduced in evidence together with its indorsements. One of the notations on this check was as follows: "Payee claims check was stolen from him and not indorsed by him. Indorsement is forged." Said check was shown to have been cashed on October 19, 1927, at Panhandle, a short distance from Amarillo. It is further shown that two of the appellants, Frank and Sandez, were in Panhandle on October 19. The party cashing this check was not able to say who presented it further than that it was some Mexican. Appellants lived in Amarillo.

It is insisted that this check was irrelevant and immaterial and that it tended to connect appellants with an entirely different and separate offense from the one on trial, to-wit, forgery, and that no proper connection between the check and any of the appellants had been shown. We observe that the record does show affirmatively that this check was stolen from prosecuting witness' companion contemporaneously with the $141.00 from prosecuting witness, Otero, and that appellants were positively identified by him as the parties who committed the crime. This directly connects appellants with the check and the testimony complained of is clearly relevant in that it is corroborative of that of prosecuting witness and tends to prove identity. The objection goes to the weight and not to the admissibility of the evidence. Because the admission of the check might tend to connect the appellants with the offense of forgery is not a valid objection to its admissibility since it tends to prove identity, and this is one of the well known exceptions to the rule inhibiting proof of extraneous offenses. Gilbraith v. State, 41 Tex. 567; Long v. State, 11 Tex. Crim. App. 387; Branch's P. C., p. 98.

Vigorous complaint is made of certain questions propounded by the Court in the trial of the case. Special stress is laid upon the alleged error of the Court, when Otero was testifying, in asking this question: "Has he stated the exact location of the place where that car was?" The witness had already testified that he was robbed in a bunk car and the record suggests that this car was only a few hundred feet from the county line of Potter County.

Art. 707, C. C. P., provides in substance that the judge shall not discuss or comment upon the weight of the evidence or its bearing in the case or make any remark calculated to convey to the jury his opinion of the case. We think it is plainly apparent that this statute was not violated by the question asked. The Court appears to have been asking for information. The location of the car apparently cuts no figure except as it might affect the proof of venue. The question of the Court was, we think, entirely proper. There was no possibility of injury in this and other questions asked by the Court which are complained of. While the Court should refrain from active participation in the examination of witnesses, a case will not be reversed for such participation, unless some injury to the accused is shown. Rodriguez v. State, 23 Tex. Crim. App. 503; Wilson v. State, 17 Tex. Crim. App. 535; Harrell v. State, 39 Tex. Crim. Rep. 204; English v. State, 84 Tex. Crim. Rep. 450.

No errors appearing in the record and believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.