MIKE MILO, JR., v. STATE.

No. 24155. November 10, 1948.

Hon. R. D. Wright, Judge Presiding.

*Bismark Pope* and *Horace C. Hall,* both of Laredo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of 5 years.

The state made a complete case against appellant by the testimony of the prosecutrix and the doctors who examined her soon after the commission of the offense.

Appellant took the witness stand and testified in his own behalf. He admitted that he had sexual intercourse with prosecutrix at the time and place charged, but claimed that it was with her consent. The issue of whether or not it was by force or with her consent was decided by the jury adversely to his contention.

Appellant brings forward three complaints, each by a separate bill of exception. By his first bill, he complains of the action of the court in permitting prosecutrix to remain in the court room after she had testified notwithstanding appellant had invoked the rule. The bill shows that after the witnesses were placed under the rule, the district attorney asked the court to excuse prosecutrix from the rule in order that she may be in position to confer with him. This request was granted to which ruling appellant excepted. A wide discretion is confided in the trial judge with regard to the application of the rule and the

extent thereof, and the exercise of this discretion will not be revived on appeal except in a clear case of abuse. The record here fails to show any abuse of the trial court's discretion. Therefore, no error is reflected by the bill. See Branch's P. C., page 197, Sec. 344, where many cases are cited. The only controverted issue was whether or not he had intercourse with her by force as contended by the state or whether it was with her consent as contended by appellant. No other witness was present who testified to force or to consent except the doctors who testified what they observed by an examination of prosecutrix and then expressed their opinions.

By Bill of Exception No. 2 appellant complains of the following remarks made by the district attorney in his closing argument to the jury, to-wit: "I represent society. I represent the State of Texas. I represent you. All I ask in this case is what you ask, nothing personal. All I want in this case is what you want. I am your representative. Gentlemen of the Jury, I want the protection of womanhood in this community. I want the protection of every woman, whether it should be a mother, a wife, a daughter, or a sister. That is what I want, gentlemen. That is what you want." To this argument, appellant interposed a blanket objection. The court overruled the same and he excepted. We see nothing in the argument complained of which may be regarded as vicious and prejudicial. Moreover, the bill reflects that that part of the argument—that he, the district attorney, was the representative of the State of Texas and of society is common knowledge and certainly not subject to his objection. If any of the other parts of the argument were objectionable, he should have specifically pointed out the same and addressed his objection thereto. See Terry v. State, 141 Tex. Cr. R. 585 (150 S. W. (2d) 87), and authorities therein cited.

Bill of Exception No. 3 reflects the following occurrence: While the prosecutrix was on the witness stand testifying for the state, the district attorney produced some ladies' clothing and inquired of her if that was the clothing she wore on the night in question to which she replied, "It was." When the district attorney undertook to introduce it in evidence, appellant objected on the ground that he had not yet qualified them as being admissible. Thereupon, the court inquired of the witness if those clothes were in any different condition now from what they were at the time in question to which the witness answered, "No, Sir." Whereupon, the appellant excepted to the action of the court in making the inquiry of the witness. Thereupon, the district attorney inquired of the witness if the clothes were in

any different condition now than they were on the night of September 3, 1947, when the alleged offense occurred, to which the witness answered, "No, Sir." Whereupon, the clothing was introduced in evidence. While ordinarily the trial court should refrain from taking any other part in the proceeding of a trial other than supervise the same according to rules of procedure, we think that the court had a right to satisfy himself as to whether or not the clothing was admissible in order that he may properly rule on the question before him.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.