NATHANIEL RODGERS V. STATE

No. 28,766. January 16, 1957.
Appellant' Motion for Rehearing Overruled
(Without Written Opinion) March 6, 1957.

C. C. Divine, Houston, for appellant.

Dan Walton, District Attorney, Eugene Brady and Thomas D. White, Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is nighttime burglary of a private residence; the punishment, 5 years.

The record contains no formal bills of exception and no complaint as to the charge of the court.

Zelma Ruth Thompson testified that at about 10:30 at night she saw a man in the bedroom of her private residence, which she occupied with her little daughter. When she saw him the man was crawling over a day bed under a window from which the latched screen had been removed.

Mrs. Thompson called out and threatened to "blow out his middle section," whereupon the man made his exit through the window.

The following day appellant made a statement to Officer R. L. Spivey in which he confessed that he opened the screen and entered the house described by Mrs. Thompson as her private residence. He said that he had "spotted" a purse in the house which he intended to get, but ran when a lady came in the room and threatened to shoot him. He further stated that he had taken Officer Spivey to the house and showed him where he got in the window.

Appellant did not testify and offered no defensive testimony.

The evidence sustains the conviction and we overrule the contention that the corpus delicti was established alone by the extra judicial confession.

The confession may be used in connection with other facts and circumstances in establishing the corpus delicti. Watson v. State, 154 Texas Cr. Rep. 438, 227 S.W. 2d 559; Pollan v. State, 157 Texas Cr. Rep. 178, 247 S.W. 2d 889.

The rule is also applicable that where the defendant makes a burglarious entry into a house at night and upon being discovered flees, and there is no evidence suggesting an intent other than that to commit theft, the jury's verdict finding that the burglary was with intent to commit theft will not be set aside as not supported by the facts. Dimery v. State, 156 Texas Cr. R. 197, 240 S.W. 2d 293; Vol. 4 Branch's Ann. P.C. 2d Ed., Sec. 2535.

The informal bills shown in the statement of facts have been considered and no reversible error is observed.

The judgment is affirmed.