Walter Lee BROWN, Appellant,

v.

STATE of Texas, Appellee.

Artie B. BRYANT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 39812, 39813.

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

No attorney on appeal for appellants.

Henry Wade, Dist. Atty., Donald Koons, Charles L. Caperton and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

The appellants were jointly charged and tried for breaking and entering an automobile with the intent to commit theft; and upon conviction the punishment for each was assessed at two years in the Department of Corrections.

Clarance Eafon testified that when he returned about 4 p. m. to a garage and body shop which was under his care, control, and management, he found the appellant Brown in the front seat of a Chevrolet automobile, with some pliers, doing something to the glove compartment; that he found the appellant Bryant in the rear of the automobile with a jack handle, trying to enter the trunk, the rear seat having been removed; that when he asked what they were doing one of the men said they were trying to get a tire; that the men drove away in a Ford and he noted the license number, which he gave to the officers; that two days later the appellants came to the garage and told him they were trying to take a tire out of the Chevrolet and were willing to take care of any damage done to the car; that appellants got the lug wrench which they said they had left and took it with them; that three screws had been removed which held the glove compartment onto the dash of the Chevrolet; that it would be necessary to go through the compartment to remove the radio; that the Chevrolet, which was also under his control, was closed on the morning before he found the appellants in it about 4 p. m.; and that he did not give the appellants or either of them his consent to open and enter the Chevrolet or to take anything from it.

Testifying in their own behalf, each of the appellants admitted being at the scene shown by the state. They testified that a tire on their car needed repair, and having no jack they stopped at the garage in question and finding it closed began looking in cars nearby for a jack, without any intention of stealing a jack; that they opened the unlocked door of a Chevrolet; that when Eafon came Bryant was trying to get into the trunk of the Chevrolet, and they told Eafon they were looking for a jack to repair a tire, and when Eafon asked them to leave they drove away; that they talked with Eafon later and he told them he did not want to press charges and signed a statement to that effect. Brown testified that he was "under four years suspension for theft from the person" and Bryant testified he "got a ten year sentence out in California for possession of narcotics."

Notice of appeal was given on December 17, 1965.

There are no formal bills of exception and the informal bills do not reveal error.

No brief has been filed in behalf of the appellants.

The evidence is sufficient to support the convictions, and no error appearing, the judgments are affirmed.

Opinion approved by the court.