**Bobby Edward ASH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40734.**

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

J. R. Blumrosen, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., J. Blair Cherry, Jr., Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with two prior convictions alleged for enhancement; the punishment, life.

On the night in question the witness Arwine returned to his drugstore after closing hours. Upon hearing strange noises like someone trying to break in, he left and called the police from another location. Five or ten minutes later, several officers arrived on the scene. One of the officers went to the rear of the store where he ascertained that the rear door was locked and secured. While doing so, he heard people talking in the store and heard coins dropping on the floor. Another officer stationed himself on the roof of the drugstore and he too heard voices "like someone counting money" and the sounds of coins dropping. Arwine opened the front door and two officers entered the drugstore and saw that the knob had been knocked off the safe. Further investigation revealed a fresh hole in the drugstore wall common to the departent store adjoining it. The officers proceeded through the hole and in the adjoining store apprehended the appellant and a companion who were hiding in a dressing room. The officers testified that the doors of the drugstore were locked and secured, that the department store's rear door had been pried open, that no one left either the drugstore or the department store from the time the police arrived until the appellant was apprehended, that coins and burglary tools were found on the floor of the drugstore, and that appellant had a screw driver in his pocket.

Appellant urges as his first ground of error that the evidence is insufficient to support the conviction. Specifically, he points to the failure to show that he was in the drugstore at any time, that he was not lawfully in the department store when apprehended, and that he had taken any money from the drugstore.

■ The offense of burglary is complete without a taking of property where there is a breaking and entering with the intent to commit a felony or to commit the crime of theft. Duran v. State, 160 Tex.Cr.R. 167, 268 S.W.2d 167, and Rodgers v. State, 164 Tex.Cr.R. 375, 298 S.W.2d 827.

■ Taken as a whole, the evidence is sufficient to support the conviction under the rule relating to circumstantial evidence as set forth in Thomas v. State, 150 Tex. Cr.R. 540, 203 S.W.2d 536.

■ Appellant contends that the trial court erred in overruling his motion to quash the indictment because appellant was not granted an examining trial when such was requested in accordance with Article 16.01, Vernon's Ann.C.C.P. The record reflects that appellant was arrested on the night of May 1, 1966, and an indictment was returned on May 3, 1966. Article 16.01 provides:

> "The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case."

Trussell v. State, Tex.Cr.App., 414 S.W. 2d 466, is authority for overruling of appellant's motion to quash the indictment.

Appellant's third ground of error relates to the participation of the Court in questioning of one of the witnesses.

"Q. (By Mr. Cherry, the Assistant District Attorney) And where did you find them (burglary tools)?

A. Well, this one was found in the drugstore and this one came out of Ash's pocket.

\*　\*　\*　\*　\*　\*

THE COURT: And where did you say one of them came out of?

WITNESS: Out of Ash's pocket.

MR. BLUMROSEN (Appellant's counsel): Excuse me. I object to the Court asking the witness a question.

THE COURT: I just didn't understand what he said."

■ Appellant contends that such statement made in the presence of the jury was damaging. Without discussing the failure of appellant to request that the jury be instructed to disregard the Court's statement or to move for a mistrial, we call attention to Rodrigues et al. v. State, 110 Tex.Cr.R. 267, 8 S.W.2d 149, where we said that when the Court participates in the questioning of witnesses seeking information only, no error is committed.

We quote from appellant's brief filed in the trial court:

"FOURTH PROPOSITION

The Charge given by the court in this particular case was defective in many instances and was not a proper charge.

STATEMENT UNDER FOURTH PROPOSITION

Before the Court gave its charge in this particular case, a copy of the same was submitted to the attorney for the defendant and the Defendant's attorney dictated his objections to the Court's charge which were all overruled.

ARGUMENT AND AUTHORITIES UNDER FOURTH PROPOSITION

Without being duplicitious in adding to the Appellant record, Defendant asks this Honorable Court to note all objections raised to the charge of the Defendant which have been made a part of the record.

Because of said defective charge, this case should be reversed."

■ We do not consider the above as a ground of error because it did not tell the trial court what appellant is complaining about. Candor and specificity is necessary in order to state a ground of error.

Finding no reversible error, the judgment is affirmed.