Cecil Grant **ELLISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41276.

Court of Criminal Appeals of Texas.

May 22, 1968.

Rehearing Denied July 17, 1968.

Bobby D. Myers, San Antonio (appointed on appeal only), for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, six years.

Appellant waived his right to a jury and·the cause was heard by the court on appellant's plea of not guilty.

In his first two grounds· of error appellant challenges the sufficiency of the evidence to sustain the conviction specifically for failing to show an intent to commit the crime of theft and for failing to show an entry at night.

The State's evidence showed that several San Antonio police officers received a dispatch at 7:30 p. m. to respond to a report of "burglars entering a residence" at 731 Canton in San Antonio; that the sun set at 5:36 p. m. on the date in question; that it was night time and dark at the time the dispatch was received; that a man living across the street from the house in question had observed someone entering the house through a front window and had called the police; that one of the front "window screens was loose, and the window looked like somebody * * * went through it"; that appellant was found inside the house "hiding underneath a bed"; that appellant was sober at the time he was found by the police; and that the house in which appellant was found was a private residence.

Appellant's testimony showed that he had left his work at 5:00 p. m. on the date in question; that he had been drinking from 5:00 "until about six-thirty, seven o'clock"; that it was night time when he quit drinking; that he was intoxicated and didn't remember being in the house where he was found and that he went to 729 Canton, his previous residence which is attached to 731 Canton, the place where he was found, to "check on his mail."

It is appellant's contention that the presumption that entry was effected with the intent to commit theft was rebutted by appellant's explanation of his presence in the house, and that the State was at that juncture required to show appellant's intent by positive evidence. Having failed to do so, appellant says the evidence is insufficient and cites Rodgers v. State, 164 Tex. Cr.R. 375, 298 S.W.2d 827. We do not construe such case as authority supporting appellant's contention, but do conclude that under the holdings of this Court in Brown v. State, Tex.Cr.App., 408 S.W.2d 118, and Thomas v. State, 168 Tex.Cr.R. 544, 330 S.W.2d 201, the question of intent was one for the court's determination under the facts here shown.

Appellant's own testimony that he was drinking with other men until six-thirty or seven o'clock at which time he left his companions to "check his mail" is sufficient to support the conclusion that he did not enter the house in question until after night time.

Appellant's next ground of error is that he was not permitted to complete a statement which he was making to the court at the time of sentencing. The court assured him, in the presence of his attorney, that he would be given the right to appeal and that he would advise his lawyer as to the appeal. This record does not reflect what appellant would have told the court had he been given more time to

speak, and therefore, there is nothing before us to review. By the same token, his contention that he was denied a hearing on a motion for a new trial is overruled. Appellant has been represented by court appointed counsel continuously at his trial, at the time of sentencing, and on this appeal, and we have been informed of no matter which he could have developed had a motion been filed and a hearing held.

Finding no reversible error, the judgment is affirmed.