THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

June 11, 1974

The Honorable Guy Hardin
District Attorney
31st Judicial District
P.O. Box 571
Shamrock, Texas

Opinion No. H- 324

Re: Authority of District Judge to
appoint attorney pro tem under
Art. 2.07, Vernon's Code of Criminal
Procedure, when District Attorney
is not disqualified.

Dear Mr. Hardin:

You have requested our opinion on two separate questions. The first
is whether a District Judge has authority, under Article 2.07 of the Texas
Code of Criminal Procedure, to appoint an attorney pro tem to act for the
District Attorney when the latter is neither ill, out of the district nor
disqualified.

Article 2.07, V. T. C. C. P., as amended in 1973 (Acts 1973, 63rd Leg.,
ch. 154, p. 356) provides:

> (a) Whenever an attorney for the state is disqualified
> to act in any case or proceeding, is absent from the county
> or district, or is otherwise unable to perform the duties
> of his office, or in any instance where there is no attorney
> for the state, the judge of the court in which he represents
> the state may appoint any competent attorney to perform
> the duties of the office during the absence or disqualifica-
> tion of the attorney for the state.

> (b) If the appointed attorney is also an attorney for
> the state, the duties of the appointed office are additional
> duties of his present office, and he is not entitled to

additional compensation.

(c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court. He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.

(d) In this article, "attorney for the state" means a county attorney, a district attorney, or a criminal district attorney.

Also pertinent to the answer to your first question are the provisions of Article 2.02, V. T. C. C. P. :

The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court.   (emphasis added)

The office of District Attorney is a constitutional one created by Article 5, § 21 of the Texas Constitution, [See Moore v. State, 57 Tex. 307 (1882); Attorney General Opinion H-72 (1973)], which provides that he shall be elected. Vacancies in the office are to be filled by the Governor, with the advice and consent of the Senate until the first general election. Texas Const. Art. 4, § 12.

Reading Article 2.07 together with Article 2.02 of the Code of Criminal Procedure, as we are required to do by the rule that all statutes

in pari materia will be read together (53 Tex. Jur. 2d, Statutes, § 186, p. 280 and cases cited), we conclude that it is both the duty and the right of the county attorney to represent the state in the absence of the district attorney and that it is only when both the district and county attorneys are unable to serve that the district court may exercise the authority conferred on it by Article 2.07, V.T.C.C.P., and appoint an attorney pro tem to represent the state. See Attorney General's Opinion No. O-2531 (1940) and H-72 (1973).

The four circumstances under which the district court may appoint an attorney pro tem to represent the state, as set out in Art. 2.07, are where the attorney for the state (1) is disqualified; (2) is absent from the county or district; (3) is otherwise unable to perform the duties of his office, as for instance, if he is sick; and (4), "in any instance where there is no attorney for the state." This last, in our opinion, must relate to those circumstances where the office is vacant.

You advise that, in your district, the judge appointed an attorney pro tem to handle matters before a grand jury, even though you were present and not disqualified. The judge, on the other hand, has advised us that you were absent from the state and made no objection to the appointment or the continuation of the appointee to act after you returned. We cannot resolve disputed fact issues. If you were absent and there was no qualified county attorney available to fill your position, we believe the judge had authority to appoint an attorney pro tem. Otherwise he did not.

Your second question involves the propriety of the court questioning a witness in a criminal trial about the witness's prior convictions when the district attorney had decided that such testimony would be inadmissible.

The general rule seems to be that, although the trial court ordinarily should refrain from taking part in the questioning of witnesses, it does have the right to satisfy itself upon questions subject to rulings. See, for example, Jackson v. State, 318 S.W. 2d 98 (Tex. Crim. 1958); Milo v. State, 214 S.W. 2d 618 (Tex. Crim. 1948).

Since the determination of whether error was committed is properly the function of an appellate court, we must decline to answer your second question.

## SUMMARY

If the district attorney is present and is
not otherwise disqualified, the district court
lacks jurisdiction to appoint either the county
attorney or an attorney pro tem to work with
a grand jury.

Very truly yours,

JOHN L HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee