In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00028-CR


______________________________




SHARLANDRA WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 15,852-99




 






Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Cornelius



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Sharlandra Williams appeals her conviction for possession of a controlled substance with
intent to deliver. She was convicted in a trial to the court, which assessed her punishment at thirty
years' imprisonment. 

 Williams contends that the trial court erred by acting as an advocate for the State during the
trial. Williams also contends that because of the poor quality of the photocopy of a photograph in
the pen packet, she could not be identified by the photograph as the person in the pen packet; thus,
the trial court erred in admitting it into evidence. Williams further argues that the poor photograph
is insufficient to support the court's finding that she was convicted of a prior offense and, therefore,
an habitual-offender finding is without support in the evidence.

 Although the sufficiency of the evidence to convict Williams is not at issue, we will
summarize the evidence in order to provide a context for our review of the alleged errors. Williams
was arrested by Mineola police when they executed a search warrant for her residence. The officers
found crack cocaine in the house, and Williams gave a written statement in which she admitted that
she had been selling crack cocaine. In a nonjury trial, the court found her guilty. At the punishment
phase, the State presented evidence that Williams had two prior felony convictions, and the court
sentenced Williams to thirty years' imprisonment. 

 Williams first contends that the trial court committed error of constitutional dimension by
assuming the role of an advocate for the State by asking questions of the State's expert witness in
order to lay the proper predicate for the admission into evidence of that expert's opinions. At trial,
defense counsel objected to the admission of testimony by a chemist about the chemical makeup of
a substance the State alleged to be cocaine. The objection was based on the State's failure to lay a
foundation for identification of the substance, as required by Kelly v. State, 824 S.W.2d 568, 573
(Tex. Crim. App. 1992). (1)

 The trial court overruled the objection. Before excusing the chemist, however, the trial court
asked her a series of questions designed to meet the Kelly requirements and determine the reliability
of the testing methods used, the type of device used, and the potential for error in the test. After the
court had asked these questions, the State then further questioned the chemist about the factors set
out in Kelly. 

 On appeal, Williams does not complain about the adequacy of the predicate. Instead, she
contends the trial court committed reversible error by participating in the proceeding as an advocate
rather than remaining a neutral arbiter. Although Williams cites a number of constitutional
provisions she alleges the trial court violated, the thrust of her argument is directed at the concept
of a deprivation of due process of law. 

 We have addressed a similar contention on two previous occasions. See Galvan v. State, 988
S.W.2d 291, 297 (Tex. App.-Texarkana 1999, pet. ref'd), and Moreno v. State, 900 S.W.2d 357,
359-60 (Tex. App.-Texarkana 1995, no pet.). As we recognized in those two cases, due process
demands an impartial adjudicator to make a ruling based on admissible evidence in a forum where
the opportunity to cross-examine and present evidence is allowed. Rose v. State, 752 S.W.2d 529,
536 (Tex. Crim. App. 1987). A trial court is permitted to question a witness when seeking
information to clarify a point, or to get the witness to repeat something that the judge could not hear. 
See Brewer v. State, 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978); Ash v. State, 420
S.W.2d 703, 705 (Tex. Crim. App. 1967); Hopperwood v. State, 39 Tex. Crim. 15, 44 S.W. 841, 842
(1898). Two potential dangers arise when the trial court goes beyond this permissible questioning: 
(1) the trial court may convey its opinion of the case to the jury and ultimately influence the jury's
decision, Morrison v. State, 845 S.W.2d 882, 886 n.10 (Tex. Crim. App. 1992); and (2) the trial
court in its zeal and active participation may become an advocate (in the adversarial process) and
lose the neutral and detached role required for a judge. (2) Moreno v. State, 900 S.W.2d at 359-60.

 The first potential danger does not apply to this case. The Texas Court of Criminal Appeals
has recognized that there is no danger that any perceived bias on the part of the trial court will
influence the fact-finder when questioning does not occur in the presence of the jury. Id.; see
Marshall v. State, 164 Tex. Crim. 167, 297 S.W.2d 135 (1956). Because the trial court's questioning
here occurred during a bench trial, this danger does not apply to this case. See Navarro v. State, 477
S.W.2d 291, 292 (Tex. Crim. App. 1972); Galvan v. State, 988 S.W.2d at 297.

 The remaining issue is whether the trial court's questions were of such a nature as to indicate
that the court abandoned its proper role as arbiter and became an advocate for the State. This issue
has not been addressed previously in Texas in connection with a "Kelly" proceeding. In such a
proceeding, the judge is to act as the "gatekeeper" of proferred scientific evidence and is to determine
both the reliability of the evidence and its relevance to the case. The cases do not address the
question whether this gatekeeping role allows or requires the judge to serve not only as an arbiter,
but also as an active participant in the process.

 The term "gatekeeper" itself suggests a person who decides whether evidence will be entered
into the trial proceeding rather than a person who assists in presenting evidence used to make the
decision.

 This general question was addressed by Miramon v. Bradley, 701 So.2d 475 (La. Ct. App.
1st Cir. 1997), which built on earlier Louisiana cases to recognize that it is the responsibility of the
opponent of the proferred evidence to test the factual bases of an opinion, while the court serves as
the gatekeeper. See Alice B. Lustre, Post-Daubert Standards for Admissibility of Scientific and
Other Expert Evidence in State Courts, 90 A.L.R. 5th 453, 499 (2001).

 In an analogous area, the Texas Court of Criminal Appeals in Morrison v. State, 845 S.W.2d
at 886 n.10, reviewed the question of whether it was proper to permit a jury to interject itself into a
proceeding by framing written questions that could then be asked by the trial court.

 The cases that allow a trial court to interject itself into the proceedings include such matters
as venue proceedings in other than Kelly contexts and guilty pleas, as well as cases where a judge
asked a question because he did not hear what the witness had just stated. See Ash v. State, 420
S.W.2d 703; Rodrigues v. State, 110 Tex. Crim. 267, 8 S.W.2d 149 (1928). This case is different. 
 The trial court did not ask questions designed to elicit facts as evidence. It instead asked questions
designed to determine whether evidence being offered was admissible and could be considered. 
This distinction is the same as that approved in Milo v. State, 152 Tex. Crim. 405, 214 S.W.2d 618
(1948). In that case, the court recognized that, even though a trial court should ordinarily refrain
from asking questions of a witness, it was permissible to aid the court in determining whether
evidence was admissible. 

 As we recognized in Moreno, a trial court's questions are likely to be closely tied to its mental
processes. In this case, however, the court appears to be seeking facts for its role in determining
whether expert testimony was admissible. Although we agree that it is improper for a court to
interject itself as an advocate on behalf of either side's position about the admission of such evidence,
this record does not suggest that the trial court became so involved as an advocate that it could not
make an objective finding as to guilt and punishment.

 Williams next contends that the trial court erred by admitting a pen packet at the punishment
phase of the trial. We use an abuse of discretion standard when reviewing the trial court's decision
to admit evidence. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001). We will not reverse the trial court's ruling unless that
ruling falls outside the zone of reasonable disagreement. Torres v. State, 71 S.W.3d at 760; Burden
v. State, 55 S.W.3d at 615.

 Williams contends that the identification testimony was inadequate to show that the person
convicted in the prior convictions was the Sharlandra Williams who was on trial. Although
fingerprints were available, the State did not use them to connect Williams to the pen packet. 
Instead, the State presented testimony by a jailer who identified Williams by comparing scars, marks,
and tattoos listed in the pen packet to a record made of Williams' scars, marks, and tattoos made by
the jailer at the county jail, and through comparison of a photocopy of her photograph. She contends
that the evidence is not sufficiently specific to prove that she is the same individual described in the
packet. 

 As recognized in Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (op. on reh'g),
it has long been an accepted practice to identify the accused by means of a photograph. In this case,
Williams argues that the image in the photocopy of the photograph is so indistinct because of the
photocopying process that it could not adequately be used to identify her. We disagree. The
photograph is not as distinct as one might wish, but it is not so dim or indistinct as to make it
unidentifiable. Moreover, a jailer who had examined Williams testified that the scars on her body
matched those described in the pen packet. 

 The trial court did not abuse its discretion by finding the identification sufficient and
admitting the pen packet into evidence. 

 The judgment is affirmed. 


 William J. Cornelius

 Justice*


Date Submitted: July 2, 2002

Date Decided: October 31, 2002


Publish


*Chief Justice, Retired, Sitting by Assignment

1. In Kelly, the Texas Court of Criminal Appeals set out a three-pronged reliability test and
identified seven nonexclusive factors for courts to consider in assessing the reliability of scientific
evidence. Kelly v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Factors that could affect
a trial court's determination of reliability include, but are not limited to, the following: (1) the extent
to which the underlying scientific theory and technique are accepted as valid by the relevant
scientific community, if such a community can be ascertained; (2) the qualifications of the expert(s)
testifying; (3) the existence of literature supporting or rejecting the underlying scientific theory and
technique; (4) the potential rate of error of the technique; (5) the availability of other experts to test
and evaluate the technique; (6) the clarity with which the underlying scientific theory and technique
can be explained to the court; and (7) the experience and skill of the person(s) who applied the
technique on the occasion in question. Id.


2. The court is forbidden to serve as counsel and judge at the same time. United States v.
Saenz, 134 F.3d 697, 702 (5th Cir. 1998); Ex parte Miller, 696 S.W.2d 908 (Tex. Crim. App. 1985). 
As we recognized in Galvan v. State, 988 S.W.2d 291 (Tex. App.-Texarkana 1999, pet. ref'd). 
Texas is "second to none" in its disapproval of judges' examinations of witnesses during a jury trial,
which is common practice in federal courts because of Fed. R. Evid. 614. Morrison v. State, 845
S.W.2d 882, 903 (Tex. Crim. App. 1992).