Jimmy Lee GREEN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–03–00083–CR.

Court of Appeals of Texas,
Eastland.

June 24, 2004.

Keith Woodley, Woodley & Dudley, Comanche, for appellant.

B.J. Shepherd, Dist. Atty., Martin L. Peterson, Asst., Meridian, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

In a nonjury trial, the trial court convicted Jimmy Lee Green of the offense of felony driving while intoxicated, found the

enhancement allegations to be true, and assessed punishment at confinement for 25 years and a $1,000 fine. We affirm.

Appellant presents seven issues for appellate review. In the first five issues, appellant argues that the evidence was insufficient to prove that he was the same person named in State's Exhibit Nos. 2, 3, 4, 5, and 6. These exhibits contain information regarding the four prior DWI convictions of "Jimmy Lee Green" that were used to enhance appellant's offense in this case to a felony DWI and also to a habitual offender. *See* TEX. PENAL CODE ANN. §§ 49.09 & 12.42(d) (Vernon Supp. 2004).

■ Exhibit No. 2 is a certified copy of the driving record of "Green" bearing Driver's License No. 05561760. Testimony showed that that number was appellant's driver's license number. The officer who stopped appellant in this case and eventually arrested him for DWI testified that he retrieved appellant's license upon stopping him and that appellant's driver's license number matched the number in Exhibit No. 2. Thus, Exhibit No. 2 was sufficiently identified as the driving record of appellant. Appellant's driving record indicated that he had previously been convicted of DWI as follows: (1) for an offense that occurred on August 2, 1986, in Williamson County in Cause No. 0000014342; (2) for an offense that occurred on March 6, 1991, in Brown County in Cause No. 0000039792; and (3) for an offense that occurred on June 6, 1992, in Brown County in Cause No. 0000012861.

Exhibit No. 3 is a certified copy of the judgment and order of commitment from the Williamson County DWI—Cause No. 14,342. This exhibit contains no pictures, fingerprints, or other identifying attributes. Exhibit No. 4 is a certified copy of the information and judgment in Cause No. 39,792 out of Brown County and, likewise, contains no pictures, fingerprints, or other identifying attributes.

■ Exhibit Nos. 5 and 6 are certified copies of pen packets. These exhibits contain pictures of appellant. Testimony showed that the photos contained in the pen packets where photos of appellant. The State did not attempt to identify appellant by the fingerprint cards contained in the pen packets. However, the identification of the photos contained in those pen packets constituted sufficient evidence to prove appellant's identity as the person convicted in those cases. *See Littles v. State,* 726 S.W.2d 26, 31 (Tex.Cr.App. 1987); *Beck v. State,* 719 S.W.2d 205, 209 (Tex.Cr.App.1986); *Gollin v. State,* 554 S.W.2d 683 (Tex.Cr.App.1977); *Williams v. State,* 89 S.W.3d 325, 329 (Tex.App.-Texarkana 2002, pet'n ref'd).

Exhibit No. 5 contains two judgments of conviction from the district court in Brown County. One of them shows that appellant was convicted of felony DWI in Cause No. 12,861; the other shows that appellant was convicted of the second degree felony offense of possession of cocaine in Cause No. 13,630. Exhibit No. 6 contains an indictment and judgment of conviction for the offense of felony DWI in Cause No. 19,612 from the district court in Eastland County. The date of that offense was November 15, 1999. The documents in Exhibit No. 6 show that appellant pleaded guilty to the offense and also that he pleaded true to the enhancement allegations. The enhancement allegations to which appellant pleaded true were the Williamson County DWI conviction in Cause No. 14,342; the Brown County DWI conviction in Cause No. 39,792; and the DWI conviction in Cause No. 12,861 from the district court in Brown County.

We hold that State's Exhibit Nos. 2, 5, and 6 were connected to appellant by sufficient evidence. Through these exhibits,

appellant's identity as the person convicted in Exhibit Nos. 3 and 4 was also shown. We hold that the evidence was sufficient to show that appellant was the person previously convicted of the four DWIs as alleged in the indictment in this case. Appellant's first, second, third, fourth, and fifth issues are overruled.

In the sixth issue, appellant argues that the trial court erred in permitting the State to use one of the DWI convictions—alleged for enhancement purposes under Section 12.42(d)—as an intervening conviction under Section 49.09(e). In his seventh issue, appellant contends that, because the prior DWI conviction was used as an intervening conviction under Section 49.09(e), it was unavailable for use to elevate appellant's punishment to that of a habitual offender under Section 12.42(d). We disagree.

Section 49.09(b) provides that driving while intoxicated is a third degree felony "if it is shown on the trial of the offense that the person has previously been convicted ... two times of any other offense relating to the operating of a motor vehicle while intoxicated." Section 49.09(e) provides as follows:

(e) Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d);

(2) the offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 [1] or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

Thus, under Section 49.09(e), a remote intoxication-related conviction may not be used to elevate a DWI offense to a felony if the prior offense, conviction, and discharge occurred more than ten years before the instant offense, unless there is an intervening intoxication-related conviction. Section 49.09(g) provides that a conviction may be used for enhancement under Section 49.09 or under Section 12.42(d) "but not under both."

The offense for which appellant was on trial in this case occurred on August 24, 2002. The later of two offenses used to elevate this offense to a felony under Section 49.09 occurred on March 6, 1991, with the date of the conviction being March 28, 1991. Both of these dates occurred more than ten years prior to the instant offense. In the 1991 case, appellant's punishment was assessed at confinement for 180 days, probated for 24 months. The record, however, does not indicate the date on which

1. TEX. PENAL CODE ANN. §§ 49.04, 49.05, 49.06, 49.065, 49.07, & 49.08 (Vernon 2003).

appellant either completed a term of confinement or was discharged from community supervision. Consequently, the State offered proof that there was an intervening DWI that occurred within ten years as provided for in Section 49.09(e)(3).

The DWI conviction that the State used as proof of an intervening DWI was the 1992 offense for which appellant was convicted in 1993. This 1993 DWI conviction was also alleged for purposes of enhancement under Section 12.42(d). Appellant objected that the 1993 conviction could not be used for both purposes.

Appellant relies upon *Rodriguez v. State*, 31 S.W.3d 359 (Tex.App.-San Antonio 2000, pet'n ref'd), in support of his position. Upon determining that an intervening DWI conviction under Section 49.09(e) was an element of the offense, the court in *Rodriguez* held that the intervening DWI could not be used to elevate the offense to a felony under Section 49.09(b) and, at the same time, to enhance the defendant's punishment as a habitual offender under Section 12.42(d). *Rodriguez v. State, supra* at 364.

 Subsequent to the San Antonio court's opinion in *Rodriguez*, the Court of Criminal Appeals addressed the issue of an intervening intoxication-related offense in *Weaver v. State*, 87 S.W.3d 557 (Tex.Cr. App.2002), *cert. den'd*, 538 U.S. 911, 123 S.Ct. 1491, 155 L.Ed.2d 234 (2003). The Court of Criminal Appeals held that the intervening intoxication-related offense in Section 49.09(e) "is not an element" of the offense of felony DWI but, rather, "is more akin to a rule of admissibility, as opposed to an element of the offense." *Weaver v. State, supra* at 561. The intervening offense does not have to be alleged in the indictment or submitted to the jury, but need only be proved to the trial court at some point during the State's case-in-chief. *Weaver v. State, supra* at 561.

Because an intervening intoxication-related offense is not an element of felony DWI, the intervening conviction may be used to enhance punishment pursuant to the repeat and habitual offender statute while being used in the same case to protect the two prior convictions alleged for purposes of Section 49.09(b) from being inadmissible as remote convictions under Section 49.09(e). That is what occurred in this case. Consequently, we hold that the trial court did not err in using appellant's 1993 DWI conviction for both purposes. Furthermore, the use of the intervening conviction for both such permissible purposes does not violate Section 49.09(g) because the intervening conviction is not being used to enhance appellant's offense under Section 49.09. The sixth and seventh issues are overruled.

The judgment of the trial court is affirmed.