COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-146-CR

 

 

VINCENT HENRY FLOWERS                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Vincent Henry
Flowers appeals his conviction and sentence for driving while intoxicated
(DWI).   In five points, appellant
complains of the trial court=s admission of certain evidence and challenges the legal and factual
sufficiency of the evidence to support the trial court=s finding that he had committed the prior DWI alleged in the
enhancement paragraph.[2]  We affirm.








The information and complaint
in this case allege that appellant committed DWI on February 10, 2004, enhanced
by a prior misdemeanor conviction for DWI in Dallas County, Cause No.
MB9539105, on August 18, 1995.  

In his first point, appellant
complains that the trial court improperly admitted State=s exhibit 11 into evidence during the punishment phase of trial.  This exhibit contains a certified copy of a
computer printout of information regarding a prior conviction for DWI on August
1995.  Appellant contends that the
exhibit is irrelevant because it is not a judgment, bears no connection to him,
and proves nothing. 

In his second and third
points, appellant asserts that, even if exhibit 11 was properly admitted, the
evidence is legally and factually insufficient to prove his final conviction of
the 1995 DWI alleged in the enhancement paragraph because there is no evidence
in the record linking him to the 1995 DWI conviction. 








We review a trial court=s ruling on the admissibility of evidence for an abuse of discretion.[3]  To prove a defendant has been convicted
previously, the State must prove both (1) a prior conviction and (2) that the
defendant is linked to that conviction.[4]  A prior conviction can be proved only by a
properly certified judgment and sentence or their functional equivalent.[5]  To be the functional equivalent of a judgment
and sentence, a document must be authenticated and include the defendant=s name, the offense charged and date of commission, a statement that
the defendant has been found guilty and sentenced, and the specifics of the
sentence.[6]








There are several ways to
link a defendant to a prior conviction, including through (1) witness testimony
identifying the accused as the same person previously convicted, (2) a judicial
stipulation by the defendant, (3) the introduction of certified copies of the
judgment and sentence containing the defendant=s fingerprints, supported by expert testimony identifying the prints
as the defendant=s, and (4)
the introduction of a photograph or detailed description of the person in the
documents showing the prior conviction that can be compared with the accused=s appearance.[7]  These methods are not exclusive, however;
whether sufficient links are present is determined on a case-by-case basis.[8]


[O]rdinarily the proof that
is adduced to establish that the defendant on trial is one and the same person
that is named in an alleged prior criminal conviction or convictions closely
resembles pieces of a jigsaw puzzle.  The
pieces standing alone usually have little meaning.  However, when the pieces are fitted together,
they usually form the picture of the person who committed the alleged prior
conviction or convictions.[9]








In this case, the computer
printout in exhibit 11 is comprised of two pages entitled AJudicial Information@ and ADisposition,@ respectively.  Both pages are
certified by the Dallas County Clerk as being true and correct copies of the
original records that are on file in her office, and appellant=s attorney stated at trial that he was not contesting the documents= authenticity.  The AJudicial Information@ page lists the case number as MB9539105; gives the defendant=s name (Vincent Henry Flowers), age, date of birth, and address; and
states that he was arrested on August 2, 1995, for committing the offense of
DWI on the same date.  The ADisposition@ page again
lists case number MB9539105, lists the defendant=s name, states verdict and sentencing dates of August 18, 1995, and
lists the sentence as forty-five days= confinement and a $500 fine. 
The ADisposition@ page further states that the sentence began to run on August 3, 2005.  In the AComments@ section,
the printout states, ABT from
8-3-95@ and A12/14/95
srvd 45 days.@[10] 








We hold that the computer
printout contains sufficient information and indicia of reliability to
constitute the functional equivalent of a judgment and sentence.  The printout states the defendant=s name, the offense charged, and date of commission; shows that he was
found guilty of and sentenced for the offense; and gives the specifics of the
sentence and the amount of time served. 
Further, the printout is properly authenticated by the Dallas County
Clerk in accordance with evidentiary rule 902(4).[11]  Therefore, the trial court did not err by
admitting the computer printout into evidence. 
We overrule appellant=s first point. 

The State also offered into
evidence a certified copy of appellant=s driving record from the Driver Records Bureau of the Texas
Department of Public Safety.  Appellant
stated that he had no objection to the driving record=s admission. 








The driving record contains
appellant=s photograph
and lists the identical  name, date of
birth, and address as are listed in the authenticated computer printout.  In addition, the driving record states that,
on August 18, 1995, Vincent Henry Flowers was convicted in Dallas County,
docket number MB9539105H, of the offense of DWI, which was committed on August
2, 1995.  This case number is
substantially the same as the case number (MB9539105) listed in the certified
computer printout.[12]  Moreover, a defendant=s driving record can be used to link him to a prior conviction if the
driving record states the same date, county, and cause number of the prior
offense and conviction as are listed in the pen packet or its functional
equivalent.[13]

In addition, appellant
testified during the punishment phase of trial. 
When asked by the prosecutor, AHow many convictions did you receive that you did not do?@,  appellant responded, AThe assault on a public servant and the second DWI conviction.@  Only two DWI offenses were at
issue:  the charged offense and the 1995
offense in the enhancement allegation. 
The trial court reasonably could have inferred from this testimony that
appellant was referring to the 1995 DWI conviction as the second conviction and
acknowledging that he had received it.[14]








This evidence is sufficient
to link appellant to the 1995 DWI conviction alleged in the enhancement
paragraph of the information and complaint. 
Accordingly, applying the appropriate standards of review,[15]
we hold that the evidence is legally and factually sufficient to prove
appellant=s final
conviction of this prior offense. 
Therefore, we overrule appellant=s second and third points.

In his fourth and fifth
points, appellant complains that the trial court violated his rights under the
Fifth Amendment and article I, section 10 of the Texas Constitution by denying
his motion to suppress certain audio portions of the videotape taken in the
intoxilyzer room after appellant had been arrested for DWI.  The trial court granted appellant=s requests to mute thirteen audio portions of the videotape but denied
his requests regarding three other portions of the tape.  








The State may not penalize an
individual for exercising his Fifth Amendment rights to remain silent and to
counsel when he is under custodial interrogation.[16]  But police requests to perform sobriety
tests, directions on how to perform the tests, and queries concerning a suspect=s understanding of his rights do not constitute interrogation.[17]  Thus, a DWI videotape should not be
suppressed unless the police seek to elicit a testimonial response not normally
incident to arrest and custody or engage in conduct that the police should know
is reasonably likely to elicit such a response.[18]

In this case, the contested
audio portions of the videotape that the trial court did not suppress are as
follows:

Officer:      At this point in timeC

 

Appellant:   I have not been
given my rights.

 

Officer:      Yes, sir, that will be coming in
time.  At this point in timeC

 

Appellant:   Well, that needs to be done now because at
this point I=ve
been handcuffed.

 

Officer:      At this point in time, you are not
entitled to an attorney. 

 

. . . .








Appellant:   I need my rights readen [sic] to me.  

 

. . . .

 

Appellant:   [In response to the officer=s question about how far he went in school]  Far enough to know my rights. 

Each of these brief exchanges
occurred while the officer was attempting to conduct sobriety tests on
appellant and merely imparting or soliciting information normally incident to
arrest and custody.  No custodial
interrogation was involved.  Indeed, only
the third statement was made in response to a question by the officer.








Moreover, we do not construe
these statements to imply, as appellant contends, that appellant was guilty of
DWI or that he was attempting to invoke his constitutional rights to remain
silent, to terminate the interview, or to consult with an attorney.[19]  Nor would the jury have understood them as
such.  Instead, appellant was simply
informing the officer that he knew what his rights were and insisting that the
officer read them to him.[20]  Accordingly, we hold that the trial court did
not err by denying appellant=s motion to suppress this evidence.[21]  We overrule appellant=s fourth and fifth points.

Having overruled all of
appellant=s points, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 18, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
guilt-innocence phase of appellant=s trial was to a jury, but
appellant elected to have the trial court assess his punishment. 





[3]Carrasco
v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).





[4]Banks
v. State, 158 S.W.3d 649, 651 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d). 





[5]Langston
v. State, 776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989); Banks,
158 S.W.3d at 652. 





[6]See Doby
v. State, 454 S.W.2d 411, 413-14 (Tex. Crim. App. 1970); Petruccelli v.
State, 174 S.W.3d 761, 771 (Tex. App.CWaco 2005, pet. ref=d)
(both holding that a certified commitment order containing this information is
the functional equivalent of a judgment and sentence); Mitchell v. State,
848 S.W.2d 917, 918 (Tex. App.CTexarkana 1993, pet. ref=d)
(out-of-state abstract of judgment); Gibson v. State, No.
05-00-00671-CR, 2001 WL 221578, at *4 (Tex. App.CDallas
March 7, 2001, no pet.) (not designated for publication) (holding that
certified copy of probation order containing this information was functional
equivalent of judgment and sentence); Williams v. State, No.
14-97-00998-CR, 1999 WL 442010, at *5 (Tex. App.CHouston
[14th Dist.] July 1, 1999, pet. ref=d) (not designated for
publication) (certified records from Florida Division of Corrections).





[7]Littles
v. State, 726 S.W.2d 26, 31-32 & n.1 (Tex. Crim. App.
1984). 





[8]Human
v. State, 749 S.W.2d 832, 835 (Tex. Crim. App. 1988); Littles,
726 S.W.2d at 32.





[9]Human, 749
S.W.2d at 835-36.





[10]Although
August 3, 1995, preceded the sentencing date, the trial court reasonably could
have concluded from the Acomments@ that
appellant received a time credit on his sentence for his preconviction
confinement.  See Tex. Code Crim. Proc. Ann. art. 42.03, ' 2(a)
(Vernon Supp. 2005) (providing that defendant is entitled to credit on his
sentence for time spent in jail between arrest and sentencing).





[11]See Tex. R. Evid. 902(4) (holding that data
compilations certified as correct by the custodian or other person authorized
to make the certification are self-authenticating); Banks, 158 S.W.3d at
653 (holding that unauthenticated documents are inadmissible to prove a prior
conviction).  This case is
distinguishable from Blank v. State, 172 S.W.3d 673 (Tex. App.CSan
Antonio 2005, no pet.), on which appellant relies.  In Blank, the ACase
Synopsis@ that
the State tendered did not state whether the defendant had been convicted of an
offense and was not properly authenticated. 
See id. at 675.





[12]See
Human, 749 S.W.2d at 838 (stating that case numbers F80‑11997 N and F‑80‑11997‑MN
are substantially the same).





[13]Chamblee
v. State, 376 S.W.2d 757, 757-58 (Tex. Crim. App. 1964);
see Green v. State, 140 S.W.3d 776, 777-78 (Tex. App.CEastland
2004, no pet.) (holding same, even though pen packet of prior conviction
contained no photographs,  fingerprints,
or Aother
identifying attributes@).  Gentile v. State, 848 S.W.2d 359 (Tex.
App.CAustin
1993, no pet.), on which appellant relies, is inapposite.  In that case, the State attempted to use the
driving record, alone, to both prove the prior conviction and link appellant to
it.  Id. at 360.





[14]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)
(stating that trier of fact is responsible for drawing reasonable inferences
from the evidence).





[15]See id.,
99 S. Ct. at 2789; Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005) (setting out legal sufficiency standard); Zuniga v. State,
144 S.W.3d 477, 481, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency
standard).





[16]Miranda
v. Arizona, 384 U.S. 436, 468 n.37, 86 S. Ct. 1602, 1624-25
n.37 (1966); Griffith v. State, 55 S.W.3d 598, 602-03 (Tex. Crim. App.
2001).





[17]Griffith, 55
S.W.3d at 603;  Jones v. State,
795 S.W.2d 171, 176 (Tex. Crim. App. 1990).





[18]Jones, 795
S.W.2d at 176; Mathieu v. State, 992 S.W.2d 725, 729 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).





[19]Appellant
had no Fifth Amendment right to an attorney because there was no
interrogation.  Griffith, 55 S.W.3d
at 602-03.





[20]See
id. at 607-08 (holding that accused=s uncoerced statements to
police that he did not want to take a breath test before consulting his
attorney were not an invocation of his right to remain silent); Holder v.
State, No. 05-00-01708-CR, 2001 WL 1464318, at *4 (Tex. App.CDallas
Nov. 19, 2001, no pet.) (not designated for publication) (holding that accused=s
comments that he understood his Miranda rights and that they had been
violated and did not apply would not lead a jury to conclude that appellant had
invoked his rights). 





[21]See
Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005)
(setting out standard of review).