**John King DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-89-320-CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 4, 1990.

Richard Frankoff, Houston, for appellant.

John D. Holmes, Jr., Jose Gonzalez–Falla, Dist. Attys. Office, Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

A jury found appellant guilty of burglary of a building, found the enhancement paragraph true, and assessed punishment at thirty years in the Texas Department of Corrections and a $2,500.00 fine. We affirm the judgment of the trial court.

On May 20, 1988, at approximately 1:45 a.m., Douglas Paul Deselle arrived with his employer, Charles Robert Nash, at the Nash Printing Office. Deselle unlocked the front door to the business, grabbed a case of paper from the truck, then entered the building with Nash. Once inside, Deselle noticed that a file cabinet had been knocked over and saw a flashlight resting on a nearby window sill. A hole was knocked through the wall behind where the file cabinet formerly stood. Deselle, fearing that the intruder was still inside, exited the building and observed the appellant outside, standing beside the back corner of the building. Appellant, a black male, was wearing dark-colored pants, a dark tank top shirt, and white tennis shoes. Deselle turned to the direction where he thought Nash was and said, "Someone's here." Appellant replied, "Whose there?" Meanwhile, Nash, in an effort to frighten whoever Deselle had encountered, yelled, "Get the gun." Appellant then ran off.

The same morning, at approximately 2:15 a.m., Harris County Sheriff's Office Deputy Barry Hodges was responding to an unrelated burglary alarm when he observed appellant riding a bicycle down the middle of the road in the vicinity of the alarm. Deputy Hodges suspected appel-

lant might have been involved in the unrelated burglary so he stopped appellant and requested identification. Appellant refused to provide any identification and became combative. At this time, Hodges heard a radio broadcast describing the suspect wanted in the Nash Print Office burglary in the same area. Because this description matched appellant's, Hodges placed appellant in his patrol car and took him to that burglary scene. Appellant was positively identified by Deselle as being the same person he had observed outside the building. Appellant's tennis shoe print was found to match a footprint left inside the building. Nothing was discovered missing from the building. Appellant did not testify at the pretrial hearing on his motion to suppress evidence or at trial.

In his first point of error, appellant alleges that the evidence was insufficient to support appellant's conviction for burglary, where the record fails to show that the person who owned the building was the owner alleged in the indictment. Appellant's indictment alleged in part, that the appellant:

> on or about May 20, 1988 with intent to commit theft, enter a building not then open to the public, owned by DOUGLAS PAUL DESELLE, a person having a greater right to possession of the building than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

"Owner" is defined in the general definition section of the Penal Code as:

> A person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

Tex.Penal Code Ann. Sec. 1.07(a)(24) (Vernon 1989).

"Possession" is defined in the general definition section as:

> Actual care, custody, control, or management.

Tex.Penal Code Ann. Sec. 1.07(a)(28) (Vernon 1989).

■ Ownership of the burglarized premises may be proven in one of three ways: (1) title, (2) possession or (3) a greater right to possession than the defendant. *Alexander v. State*, 753 S.W.2d 390 (Tex. Crim.App.1988). Thus, under the Penal Code, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the "owner." *Alexander*, 753 S.W.2d at 392. The "greater right to possession" method of proving ownership can apply to all offenses and factual settings. *Alexander*, 753 S.W.2d at 393–394.

■ The standard of review on appeal for challenges to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt while viewing the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989); *Freeman v. State*, 654 S.W.2d 450 (Tex. Crim.App.1983).

■ Appellant contends that "special" ownership was not established because there is no evidence of specific duties and responsibilities in Deselle's employment relationship with Nash. If a "special owner" of the property testifies without objection that he was the special owner of the property and had the greater right to possession of the property than did the accused and the accused asserts no possessory interest in the property, then the evidence is clearly sufficient to show that he was the lawful owner of the property. *Freeman v. State*, 707 S.W.2d 597 (Tex.Crim.App.1986). However, proof of a management position alone is insufficient to sustain the ownership allegation absent some showing that the named owner had exercised some degree of care, custody, control, or management over the property. *Freeman*, 707 S.W.2d at 603. Deselle testified that he was the operations manager of Nash Printing, worked at both Nash Printing locations, usually worked late nights, unlocked the door on the front of the building that night and turned on the lights. These ac-

tions by Deselle evidenced some degree of care, custody, control or management over the property.

The appellant did not testify and called no witnesses to assert any possessory right in the building greater than Deselle's. Moreover, the appellant's forcible manner of gaining entry by knocking a hole into the wall of the building clearly shows that he lacked any care, custody, or control of the premises. A rational trier of fact properly could have found that Deselle had a greater right to possession of the building than the appellant. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the officer lacked probable cause to arrest because of the time and distance from the Nash burglary. There are two separate aspects of appellant's encounter with Officer Hodges which warrant delineation; the initial detention and the taking of appellant back to the burglary scene.

■ The first question is whether Hodges was justified in making the initial investigative detention of the appellant. Circumstances short of probable cause may justify temporary detention for purposes of investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Garza v. State*, 771 S.W.2d 549, 558 (Tex.Crim. App.1989). To justify an investigative detention, the officer must have specific articulable facts which, based on his experience and personal knowledge, when coupled with logical inferences from those facts, would warrant the intrusion on the detainee. These facts must amount to more than a mere hunch or suspicion. *Williams v. State*, 621 S.W.2d 609, 612 (Tex.Crim.App. 1981). The articulable facts used by the officer must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some sugges-

tion to connect the detainee with the unusual activity, and some indication the unusual activity is related to a crime or an offense. *Garza*, 771 S.W.2d at 558. The facts specifically articulated by Hodges were that a burglar alarm had recently been activated within two blocks of where appellant was riding his bicycle down the middle of the street, in the middle of the night. A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be reasonable in light of facts known to the officer at the time. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Wood v. State*, 515 S.W.2d 300, 306 (Tex. Crim.App.1974). Hodges was justified in making the investigative detention. The officer's continued detention of appellant was justified further because appellant matched the description broadcast from the Nash burglary.

■ The issue then becomes whether the officer's transport of appellant to the scene of the Nash burglary was an unreasonable intrusion.[1] We think not, given the brief period of time consumed in the transport, the proximity of the place of the stop to the scene of the crime, and the purpose of the transport, viz., identification of an unknown suspect. *District of Columbia v. M.M.*, 407 A.2d 698 (D.C.App.1979). The record indicates that it took less than five minutes to transport appellant approximately two and one half miles back to the scene for the purpose of determining whether he could be identified as the Nash burglar. The transporting of a defendant six blocks from where he was detained back to the scene of a crime where his shoes matched with footprints in the snow was held to be properly in the furtherance of the investigation of the offense. *State v. Gardner*, 28 Wash.App. 721, 626 P.2d 56

---

1. We reject appellant's contention that *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), is applicable to the instant case. There, the defendant was taken to the police station and placed in its interrogation room for questioning without probable cause. The Court concluded that this governmental intrusion "was in important respects indistin-

guishable from a traditional arrest" and hence, went beyond what *Terry* permits. Here, the record reflects police action of detaining a prime criminal suspect on the street until identification could be made. There are recognized exceptions to the sweeping statements made in *Dunaway*. *Buckingham v. State*, 482 A.2d 327 (Del.Supr.Ct.1984).

(1981). Officer's transporting of defendant a mile to the scene of a robbery for purposes of a viewing by eyewitnesses was not an unreasonable intrusion where the stop occurred twenty-five minutes after the crime and his attire approximated that worn by the offender. *District of Columbia v. M.M.*, 407 A.2d at 701.

 The constitutional considerations for post-stop investigations are whether the detention is too long in duration, whether police officers diligently pursue means of investigation that are likely to confirm or dispel their suspicions quickly, and whether police officers were unreasonable in recognizing less intrusive alternative means by which their objectives might have been accomplished. *United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). We find that the detention here was not too long in duration, the officers acted diligently to confirm their suspicions and a less intrusive reasonable alternative means of investigation was not obvious. Appellant's second point of error is overruled.

In appellant's third point of error, he contends that the State failed to prove that his entry was made with intent to commit theft and that at most the State has proved criminal trespass.

Appellant emphasizes that it was not shown that he had any stolen goods in his possession when he was apprehended and that nothing was stolen from Nash Printing. However, there need not be a showing that appellant obtained anything of value in order to be guilty of burglary. *Lewis v. State*, 715 S.W.2d 655, 657 (Tex. Crim.App.1986).

Intent to commit theft may be inferred from the circumstances. *Lewis*, 715 S.W.2d at 657. An entry made without consent in the night time is presumed to have been made with intent to commit theft. *Mauldin v. State*, 628 S.W.2d 793 (Tex.Crim.App.1982). Also, flight is a circumstance from which an inference of guilt may be drawn. *Thompson v. State*, 652 S.W.2d 770 (Tex.Crim.App.1981). Flight plus some act of burglary can be equated to intent to commit theft. *Rodgers v. State*, 164 Tex.Crim. 375, 298 S.W.2d 827 (App.1957). The record indicates that the burglarious entry happened at night and appellant ran away when he was discovered. In addition, it is evident from the fact that the appellant left his flashlight on the window sill and was observed standing outside the building, that he was interrupted during the burglary, and accordingly, failed to accomplish the intended theft. Any rational trier of facts could find beyond a reasonable doubt that appellant entered the building with intent to commit theft. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.