**Wesley Charles JOSEPH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–405–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 29, 1993.

Rehearing Overruled Oct. 14, 1993.

---

John A. George, Fly & Moeller, Victoria, for appellant.

George J. Filley, III, Dist. Atty. of Victoria County, Michael M. Kelly, Asst. Dist. Atty., Victoria, for appellee.

Before GILBERTO HINOJOSA, KENNEDY and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, Wesley Charles Joseph, Jr., of burglary of a building and, through enhancement by two prior felony convictions, sentenced him to fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges the sufficiency of the evidence and the trial court's denial of his motion to suppress evidence. We affirm.

On Saturday, February 8, 1992, Patti Godsey was at Crain Intermediate School, where she taught seventh grade. At approximately 10:00 a.m., she walked down an isolated hallway to her classroom door. When she looked through the window adjacent to the door, she saw a man sitting behind her desk, with his hands in her desk drawer. Using her key, Godsey let herself into her classroom and asked the man who he was. He shrugged his shoulders and, when she left the room to call the police, he left the room at a slow run, turning to exit the building in the opposite direction from Godsey. She did not see whether he left the premises on foot or in a car. Godsey called 911 and reported the incident to the police. She described the man as thirty-to-forty years-old, black, with facial hair, and wearing a black hat and winter clothing.

Approximately fifteen minutes later, Victoria police officers saw appellant who, they determined, fit the description of the subject seen at the school. Appellant, a thirty-year-old black man, was wearing an Army jacket and a black wool hat with a scarf over the top. He was walking five or six blocks from the school, and would not stop walking when police officers attempted to detain him. An officer grabbed appellant, a struggle ensued, and, eventually, four police officers, with the help of a stun gun, hand-cuffed appellant and put him in a patrol car. The police then transported appellant to the school to give Godsey an opportunity to positively identify him.

At the school, Godsey said that appellant appeared to be the same man that was in her classroom, except that the facial hair may have been different. She asked the police officers if appellant was carrying gloves, because, when she saw the man in her classroom, a white pair of gloves lay on her desk. The police searched appellant's pockets and found a pair of white work-gloves and a set of keys to Crain Intermediate School.

Before trial, appellant moved to suppress the gloves and the keys, arguing that they were the product of an unlawful search. The trial judge denied appellant's motion to suppress, and appellant was subsequently convicted of burglary of a building.

◼ In his first point of error, appellant challenges the trial court's denial of his motion to suppress. Since the trial court is the sole fact finder at a suppression hearing, any finding supported by the record will not be disturbed on appeal. *Davis v. State*, 829 S.W.2d 218, 220 (Tex.Crim.App.1992) (citing *Johnson v. State*, 803 S.W.2d 272, 287 (Tex. Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991)). Absent a showing of an abuse of discretion, a trial court's findings will not be disturbed. *Davis*, 829 S.W.2d at 220 (citing *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App. 1986)).

◼ To dispose of this point of error, we first must determine whether the police officers lawfully stopped and detained appellant. Circumstances short of probable cause to arrest may justify a temporary detention for the purpose of investigation. *Garza v. State*, 771 S.W.2d 549, 558 (Tex.Crim.App.1989); *Davis v. State*, 783 S.W.2d 313, 317 (Tex. App.—Corpus Christi 1990, no pet.); *see* TEX. CODE CRIM.PROC.ANN. art. 15.22 (Vernon 1977). To justify an investigative detention, the officer must have specific articulable facts which, based on his experience and personal knowledge, and coupled with logical inferences from those facts, warrant the intrusion on the detainee. *Jones v. State*, 565 S.W.2d 934, 936 (Tex.Crim.App.1978); *Davis*, 783 S.W.2d at 317; *Klasing v. State*, 662 S.W.2d 789, 793 (Tex.App.—Corpus Christi 1983, pet. ref'd). The police dispatch radio had announced Godsey's description of the subject she saw in her classroom. The police responded immediately and saw appellant, who matched that description, walking in the area. This was sufficient to warrant the officers' initial intrusion on appellee.

◼ The next issue we must determine is whether appellant's post-stop detention was unconstitutional. The constitutional considerations for post-stop investigations are whether the detention was too long in duration, whether police officers diligently pursued means of investigation that were likely to confirm or dispel their suspicions quickly, and whether police officers were unreasonable in recognizing less intrusive alternative

means by which their objectives might have been accomplished. *Davis*, 783 S.W.2d at 318 (citing *United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985)). Briefly transporting a suspect to a crime scene for identification by a witness is not always unreasonably intrusive. *See Mays v. State*, 726 S.W.2d 937, 944 (Tex.Crim.App. 1986); *Davis*, 783 S.W.2d at 817–18.

■ Here, the police officers transported appellant in a patrol car approximately five blocks so that Godsey could ascertain whether he was the individual she saw in her classroom. The alternative—taking appellant to the police station and having Godsey identify him there—would have been much more intrusive. We find that the officers acted diligently to confirm their suspicions and that a less intrusive reasonable alternative means of investigation was not obvious.

■ Finally, we must determine whether searching appellant's pockets at Godsey's request was an unreasonable search. A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or objects immediately associated with the person being searched. *Jones v. State*, 640 S.W.2d 918, 921 (Tex.Crim.App. 1982); *Stevenson v. State*, 780 S.W.2d 294, 297 (Tex.App.—Tyler 1989, no pet.); *Klasing*, 662 S.W.2d at 793. Once Godsey identified appellant as the man in her classroom, the police had probable cause to arrest him for burglary of a building. *Jones*, 565 S.W.2d at 936. Accordingly, the gloves and the keys in appellant's pockets were products of a search incident to a lawful arrest. *Jones*, 640 S.W.2d at 921. We hold that the trial court did not abuse its discretion in denying appellant's motion to suppress. *Davis*, 829 S.W.2d at 220. Appellant's first point of error is overruled.

■ In his second point of error, appellant challenges the sufficiency of the evidence to convict him of the offense of burglary of a building. The jury was charged that a person commits burglary of a building if, without the effective consent of the owner, he intentionally or knowingly enters a building and attempts to commit theft. *See* Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1989). The

critical inquiry on review of the sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Geesa v. State*, 820 S.W.2d 154, 156–57 (Tex.Crim.App. 1991) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979)).

■ Godsey positively identified appellant as the man she saw in her classroom with his hands in her desk drawer. Appellant was apprehended fifteen minutes after the incident was reported, walking five or six blocks from the scene, and in possession of a set of keys to the school. Appellant was not employed by the school, nor did he have permission to be in the school building, particularly Godsey's classroom which, she testified, had been locked. Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of burglary of a building beyond a reasonable doubt. *Geesa*, 820 S.W.2d at 156–57. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.