COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-102-CR

 

 

SAMMY HISHAM ABULUGHOD 

A/K/A SAMMY H.
ABULUGHOD                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Appellant Sammy Hisham
Abulughod a/k/a Sammy H. Abulughod appeals from his conviction for aggravated
assault with a deadly weapon.  In a
single point, he complains that the trial court improperly denied his motion to
suppress evidence.  We affirm.








In the early morning hours of
July 28, 2004, several shootings occurred in and around the Cavile Place
Apartments in east Fort Worth.  The
targets of the shootings included a group of civilians who were gathered outside
the apartments and a Fort Worth Gang Unit police officer, K.L. Kimball.  Officer Kimball and his partner identified a
red Chevrolet Cavalier as the vehicle carrying the shooters.  Officer Kimball radioed to inform his unit
that he had been shot at and relayed a description and license plate number of
the Cavalier.     Less than an hour after the shootings, the Cavalier was found
parked in the driveway of a residence on Littlejohn Avenue, approximately one
mile from the Cavile Place Apartments. 
The occupants of the home, including appellant, were ordered outside at
gunpoint and handcuffed. 

Fort Worth police officer
Brian Clark, who was present at the arrest, looked inside the Cavalier and saw
a rifle casing in the backseat and a bullet hole in the back of the
vehicle.  Officer Clark approached appellant,
who was seated handcuffed in the back of a police car, and asked whose car the
Cavalier was and where the keys were. 
Appellant answered that he did not know or did not know what the officer
was talking about.  Officer Clark noticed
a long, shoestring key chain around appellant=s neck with what appeared to be the key to the Cavalier hanging from
it.  He removed the key from appellant
and used it to open the trunk of the Cavalier, where he saw an assault rifle.  He closed the trunk, and the car was taken to
the police auto pound.  Eventually, the
police obtained a search warrant and searched the entire car. 








Appellant complains that the
search of his person and seizure of the key were unlawful and that Officer
Clark=s use of the key to open the trunk of the Cavalier and view the rifle
was fruit of the poisonous tree. 
Further, he argues that the taint of the illegal seizure of the key was
not attenuated by the subsequent search of the Cavalier pursuant to a search
warrant, and therefore all evidence relating to the rifle in the trunk should
have been suppressed. 

The Fourth Amendment protects
against unreasonable searches and seizures.[2]  Whether a search or seizure is reasonable is
a question of law that we review de novo, examining the totality of the
circumstances.[3]  When reviewing a trial court=s ruling on a motion to suppress, we view the evidence in the light
most favorable to the trial court=s ruling.[4]  








A search conducted without a
warrant is generally considered to be unreasonable, but there are exceptions to
this general rule.[5]  One such exception is a search incident to
arrest.[6]  Pursuant to a lawful arrest, a police officer
can conduct a search of the person of the arrestee or areas within his
immediate control for weapons and evidence.[7]  

At trial, appellant argued
and the trial court agreed that he was under arrest when the key was
taken.  The trial court concluded that
appellant=s arrest was
lawful, and appellant does not challenge that ruling.  Because appellant was under arrest, Officer
Clark could lawfully search his person for evidence.  The key was evidence of who was associated
with the Cavalier.  Therefore, we hold
that the trial court properly concluded that Officer Clark lawfully seized the
key from appellant pursuant to a search incident to arrest.[8]  Moreover, because the seizure of the key from
appellant=s person was
lawful, Officer Clark=s use of the
key to open the trunk of the Cavalier and view the rifle was not fruit of the
poisonous tree.[9]









For these reasons, we hold that the trial court properly denied
appellant=s motion to
suppress.  We overrule appellant=s point and affirm the trial court=s judgment.                                                     

PER CURIAM

PANEL
A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED:  July 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]U.S. Const. amend. IV.   





[3]Kothe
v. State, 152 S.W.3d 54, 62B63
(Tex. Crim. App. 2004). 





[4]State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 





[5]See,
e.g., Chimel v. California, 395 U.S. 752, 762B63,
89 S. Ct. 2034, 2040 (1969).   





[6]Id.





[7]Id.;
McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003), cert. denied,
540 U.S. 1004 (2003).





[8]See
Joseph v. State, 865 S.W.2d 100, 103 (Tex. App.CCorpus
Christi 1993, pet. ref=d)
(police officers properly seized keys from suspect=s
pockets pursuant to a search incident to arrest).





[9]See
Wong Sun v. United States, 371 U.S. 471, 484B85,
83 S. Ct. 407, 415B16
(1963).