COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-102-CR

SAMMY HISHAM ABULUGHOD 

A/K/A SAMMY H. ABULUGHOD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Appellant Sammy Hisham Abulughod a/k/a Sammy H. Abulughod appeals from his conviction for aggravated assault with a deadly weapon.  In a single point, he complains that the trial court improperly denied his motion to suppress evidence.  We affirm.

In the early morning hours of July 28, 2004, several shootings occurred in and around the Cavile Place Apartments in east Fort Worth.  The targets of the shootings included a group of civilians who were gathered outside the apartments and a Fort Worth Gang Unit police officer, K.L. Kimball.  Officer Kimball and his partner identified a red Chevrolet Cavalier as the vehicle carrying the shooters.  Officer Kimball radioed to inform his unit that he had been shot at and relayed a description and license plate number of the Cavalier.   Less than an hour after the shootings, the Cavalier was found parked in the driveway of a residence on Littlejohn Avenue, approximately one mile from the Cavile Place Apartments.  The occupants of the home, including appellant, were ordered outside at gunpoint and handcuffed. 

Fort Worth police officer Brian Clark, who was present at the arrest, looked inside the Cavalier and saw a rifle casing in the backseat and a bullet hole in the back of the vehicle.  Officer Clark approached appellant, who was seated handcuffed in the back of a police car, and asked whose car the Cavalier was and where the keys were.  Appellant answered that he did not know or did not know what the officer was talking about.  Officer Clark noticed a long, shoestring key chain around appellant’s neck with what appeared to be the key to the Cavalier hanging from it.  He removed the key from appellant and used it to open the trunk of the Cavalier, where he saw an assault rifle.  He closed the trunk, and the car was taken to the police auto pound.  Eventually, the police obtained a search warrant and searched the entire car. 

A
ppellant complains that the search of his person and seizure of the key were unlawful and that Officer Clark’s use of the key to open the trunk of the Cavalier and view the rifle was fruit of the poisonous tree. 
 Further, he argues that the taint of the illegal seizure of the key was not attenuated by the subsequent search of the Cavalier pursuant to a search warrant, and therefore all evidence relating to the rifle in the trunk should have been suppressed. 

The Fourth Amendment protects against unreasonable searches and seizures.
(footnote: 2)  
Whether a search or seizure is reasonable is a question of law that we review de novo, examining the totality of the circumstances.
(footnote: 3)  When reviewing a trial court’s ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court’s ruling.
(footnote: 4) 
 

A search conducted without a warrant is generally considered to be unreasonable, but there are exceptions to this general rule.
(footnote: 5)  One such exception is a search incident to arrest.
(footnote: 6)  Pursuant to a lawful arrest, a police officer can conduct a search of the person of the arrestee or areas within his immediate control for weapons and evidence.
(footnote: 7)  

At trial, appellant argued and the trial court agreed that he was under arrest when the key was taken.
  The trial court concluded that appellant’s arrest was lawful, and appellant does not challenge that ruling.  Because appellant was under arrest, Officer Clark could lawfully search his person for evidence.  The key was evidence of who was associated with the Cavalier.  Therefore, 
we hold that the trial court properly concluded that Officer Clark lawfully seized the key from appellant pursuant to a search incident to arrest.
(footnote: 8)  
Moreover, because the seizure of the key from appellant’s person was lawful, Officer Clark’s use of the key to open the trunk of the Cavalier and view the rifle was not fruit of the poisonous tree.
(footnote: 9) 

For these reasons, we hold that the trial court properly denied appellant’s motion to suppress.  We overrule appellant’s point and affirm the trial court’s judgment. 

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 19, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
3:
Kothe v. State
, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). 

4:
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 

5:
See, e.g.
,
 Chimel v. California
, 395 U.S. 752, 762–63, 89 S. Ct. 2034, 2040 (1969).  
 

6:
Id.

7:
Id.
;
 McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003), 
cert. denied
, 540 U.S. 1004 (2003).

8:
See Joseph v. State
, 865 S.W.2d 100, 103 (Tex. App.—Corpus Christi 1993, pet. ref’d) (police officers properly seized keys from suspect’s pockets pursuant to a search incident to arrest).

9:
See Wong Sun v. United States
, 371 U.S. 471, 484–85, 83 S. Ct. 407, 415–16 (1963).