ACCEPTED
01-18-00097-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/24/2018 11:21 AM
CHRISTOPHER PRINE
CLERK

# No. 01-18-00097-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/24/2018 11:21:54 AM

CHRISTOPHER A. PRINE
Clerk

In the First Court of Appeals
Houston, Texas

Nicholas Arthur Dozet,

*Appellant*,

Vs.

State of Texas,

*Appellee.*

Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 81296-CR

## Brief for the State of Texas

Jeri Yenne – Brazoria County
Criminal District Attorney

Trey D. Picard
Assistant Criminal District Attorney
State Bar No. 24027742
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

**Oral argument is not requested.**

Attorney for Appellee

## Identity of Parties and Counsel

| | |
|---|---|
| **Appellant:** | Nicholas Arthur Dozet |
| **Appellee:** | State of Texas |
| **Attorney for appellant on appeal:** | Joseph Kyle Verret<br>State Bar No. 24042932<br>Nguyen Jazrawi & Chen, LLP<br>3000 Wilcrest Dr., Suite 230<br>Houston, Texas 77042<br>(281) 764-7071<br>(281) 764-7071 Fax<br>kyle@verretlaw.com |
| **Attorney for appellant at trial:** | Ronald Helson<br>State Bar No. 09405350<br>Attorney at Law<br>124 W. Myrtle St.<br>Angleton, Texas 77515<br>(713) 666-6961 |
| **Attorney for the appellee on appeal:** | Trey D. Picard<br>State Bar No. 24027742<br>Assistant Criminal District Attorney<br>111 East Locust St., Suite 408A<br>Angleton, Texas 77515<br>(979) 864-1233<br>(979) 864-1712 Fax<br>treyp@brazoria-county.com |

**Attorneys for the Appellee at Trial:**

Rick Martin
State Bar No. 24073267
Assistant Criminal District Attorney
Robin Griffith
State Bar No. 240122738
Assistant Criminal District Attorney
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax

# Table of Contents

Identity of Parties and Counsel ............................................................................. ii

Table of Contents ............................................................................................. iv

Index of Authorities ...........................................................................................v

Abbreviations for Record References ................................................................. viii

Statement of the Case ........................................................................................2

Issues Presented ...............................................................................................2

Statement of Facts ............................................................................................3

Summary of the Argument ..................................................................................6

Statement on Oral Argument ..............................................................................7

Argument ........................................................................................................8

1)    *There was reasonable suspicion to detain the appellant* ...............................9

2)    *Because appellant was temporarily detained in the course of an
      investigation, and not in custody, no Miranda warnings were
      required before appellant was asked why he was at the scene* .....................12

Prayer ...........................................................................................................20

Certificate of Service .......................................................................................21

Certificate of Rule 9.4 Compliance ....................................................................22

Appendix ......................................................................................................23

# Index of Authorities

**Cases**

*Armendariz v. State*,
123 S.W.3d 401 (Tex.Crim.App.2003)...............................................9

*Arthur v. State*,
216 S.W.3d 50 (Tex.App.—Fort Worth 2007, no pet.) .....................13

*Balentine v. State*,
71 S.W.3d 763 (Tex.Crim.App.2002)...................................................8

*Berkemer v. McCarty*,
468 U.S. 420, 104 S. Ct. 3138 (1984)................................................13

*Carmouche v. State*,
10 S.W.3d 323 (Tex.Crim.App.2000)................................................10

*Cotton v. State*,
480 S.W.3d 754 (Tex.App.—Houston [1st Dist.] 2015, no pet.) ........11

*Crain v. State*,
315 S.W.3d 43 (Tex.Crim.App.2010)................................................15

*Davis v. State*,
783 S.W.2d 313 (Tex.App.—Corpus Christi 1990,
pet. ref'd, untimely filed) ....................................................................11

*Dowthitt v. State*,
931 S.W.2d 244 (Tex.Crim.App.1996)....................................... 13, 16

*Ford v. State*,
158 S.W.3d 488 (Tex.Crim.App.2005)............................................8, 9

*Francis v. State*,
896 S.W.2d 406 (Tex.App.—Houston [1st Dist.] 1995),
pet. dism'd, 922 S.W.2d 176 (Tex.Crim.App.1996)..........................16

*Francis v. State,*
    922 S.W.2d 176 (Tex.Crim.App.1996)...............................................10

*Galloway v. State,*
    778 S.W.2d 110 (Tex.App.—Houston [14th Dist.] 1989, no pet.)......13

*Guzman v. State,*
    955 S.W.2d 85 (Tex.Crim.App.1997)..................................................8

*Herrera v. State,*
    241 S.W.3d 520 (Tex.Crim.App.2007)...............................................13

*Koch v. State,*
    484 S.W.3d 482 (Tex.App.—Houston [1st Dist.]
    2016, no pet.)................................................... 13, 14, 16, 18

*Mays v. State,*
    726 S.W.2d 937 (Tex.Crim.App.1986)...............................................11

*McCulley v. State,*
    352 S.W.3d 107 (Tex.App.—Fort Worth 2011, pet. ref'd) ...............16

*Miranda v. Arizona,*
    384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ..........................1

*Miranda,*
    384 U.S. at 444, 86 S.Ct. at 1612......................................................12

*Montanez v. State,*
    195 S.W.3d 101 (Tex.Crim.App.2006)................................................8

*Rhodes v. State,*
    945 S.W.2d 115 (Tex.Crim.App.1997), cert. denied,
    522 U.S. 894, 118 S.Ct. 236, 139 L.Ed.2d 167 (1997) ........................9

*Spillers v. State,*
    No. 01-15-00935-CR, 2017 WL 1738095
    (Tex.App.—Houston [1st Dist.], May 4, 2017, pet. ref'd)
    (mem. opinion, not designated for publication)..................................14

*St. George v. State*,
  237 S.W.3d 720 (Tex.Crim.App.2007)....................................................8

*Stansbury v. California*,
  511 U.S. 318, 114 S. Ct. 1526 (1994) ...........................................13

*State v. Saenz*,
  411 S.W.3d 488 (Tex.Crim.App.2013)..........................................14

*State v. Sheppard*,
  271 S.W.3d 281 (Tex.Crim.App.2008)............................................9

*State v. Stevenson*,
  958 S.W.2d 824 (Tex.Crim.App.1997) (en banc)..............................17

*Terry v. Ohio*,
  392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ............................10

*Woods v. State*,
  970 S.W.2d 770 (Tex.App.—Austin 1998, pet. ref'd).......................10

*Zayas v. State*,
  972 S.W.2d 779 (Tex.App.—Corpus Christi 1998, pet. ref'd)............9

## Statutes

TEX. CODE CRIM. PROC. ANN. art. 15.22 (Vernon 2015)..........................................9

TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2018).........................................12

TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011) .............................................1

TEX. PENAL CODE ANN. § 30.05(a)(1) (Vernon 2011) ...........................................11

**Abbreviations for Record References**

|   | Abbreviation | Record |
|---|---|---|
| 1 | RR 2:532 | Reporter's Record, vol. 2, page 532. |
| 2 | CR 0000045 | Clerk's Record, page 45. |
| 3 | Ant. Br. 5 | Appellant's Brief, page 5. |
| 4 | Apx. Ex. 1 | State's Appendix, Exhibit 1. |
| 5 | RR 5: Sx. 1 | Reporter's Record, vol. 5, State's Exhibit 1. |

## Statement of the Case

Appellant was indicted for burglary of a building (CR 000006). *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011). A jury found him guilty of the lesser included offense of criminal trespass (CR 000079, 000082, 000106). The trial court sentenced him to six months' confinement in the county jail (CR 000106). Trial occurred in the 149th District Court for Brazoria County, Texas. In a single issue, appellant argues the trial court abused its discretion by overruling his motion to suppress certain statements under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## Issues Presented

At issue is whether appellant was reasonably detained, and not under arrest, when he was asked who he was and why he was at the scene of an alleged burglary by a responding officer.

## Statement of Facts

Appellant is a homeless person who was living in one or more of the concession stands located at the athletic fields for Angleton Independent School District. On the evening of February 14, 2017, appellant was discovered inside a concession stand for the school district baseball field by the parent of a student, Lynda Thomas (RR 3:93, 3:110). Ms. Thomas is the parent of a student, and was volunteering for an athletic booster club at a different concession stand nearby for a high school soccer game (RR 3:105-06, 3:109). Ms. Thomas was asked to go pick up additional supplies, during which she stopped by the concession stand at the baseball field (RR 3:111).

There was no school activity at that time and the concession stand was closed (RR 3:99, 3:115). Upon entering a locked storage room at the location, Ms. Thomas was startled to find appellant standing inside (RR 3:113-14). Appellant quickly left the scene (RR 3:114). Patrol officers were called from a nearby school district basketball game. Ms. Thomas gave the officers a description of the appellant. She also later observed that some of the food supplies for the concession stand appeared to have been eaten (RR3:116). After about a 20-minute search for the appellant that evening, however, the officers were unable to locate him (RR 3:95-96, 3:114).

On the early evening of March 2, 2017, appellant was seen at the loitering at the school baseball field by Brian Lostracco, an Angleton ISD baseball coach who was there watering the baseball field (RR 3:131-33). At that time, there was no game or other activity at that location, and the concession stand was closed. Knowing about the earlier break-in at the concession stand, Coach Lostracco called the school district police chief who dispatched uniformed patrol officers to that location (RR 3:136, 3:168-69).

Upon arrival of ISD police officers, Coach Lostracco entered the concession stand with one of the officers and saw appellant crouching down inside, wearing one of the baseball shirts that were sold at the stand (RR 3:139-40, 3:142). The coach also testified that appellant likely gained access to the interior of the building from a family restroom (which was not usually locked after hours and shared a common wall) through a crawl space in the ceiling (RR 3:139-40). Appellant ran out of a separate entrance to the concession stand when the coach and patrol officer entered (RR 3:137, 3:140). As he exited the building, appellant was intercepted by Angleton ISD Officer Ronnie Falks who had walked around the outside of the building to the second entrance (RR 3:140, 3:170-71).

Officer Falks later testified that, at the time of the initial confrontation, he and the other responding officer were simply trying to get appellant out of the building. Officer Falks knew that appellant "was somewhere

4

where he wasn't supposed to be," and believed that appellant was "criminally trespassing" (RR 3:172). Furthermore, the February break-in at the same location was widely known at the ISD police department, and the officers were actively looking for a suspect (RR 3:178-79). Appellant matched the description of that suspect (RR 3:179).

Officer Falks testified that appellant was not handcuffed and was not placed under arrest immediately (RR 3:172). Instead, appellant was initially detained in the course of the investigation. (RR 3:172-74). Officer Falks asked appellant "what his name was and what he was doing" at (RR 3:172). No *Miranda* warning was given to the appellant before the officer asked the question. During trial, when the prosecutor later asked Officer Falks (over the defense counsel's objection) if appellant provided a "valid reason for being in the concession stand," the officer replied, "No. I think he said he was sleeping there. He had no place to go" (RR 3:175).

## Summary of the Argument

Appellant was properly detained in the course of an investigation by officers who were called to the scene of an alleged burglary on school district property. Because he was briefly detained at the scene as part of an investigation (and not under arrest) no *Miranda* warning was required before Officer Falks asked appellant what he was doing at the concession stand. Therefore, the trial court properly overruled appellant's objection to the officer's testimony regarding what appellant told him.

## Statement on Oral Argument

Pursuant to Rule 39.1(c) of the Texas Rules of Appellate Procedure, oral argument is not necessary because the facts and legal arguments are adequately presented in the briefs and record.

**Argument**

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *See Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002). In reviewing a trial court's determination of the reasonableness of a temporary investigative detention, appellate courts use a bifurcated standard of review. *See Ford v. State*, 158 S.W.3d 488, 493 (Tex.Crim.App.2005). Almost total deference is given to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App.2007).

The same level of deference is also afforded to a trial court's ruling on application of law to fact questions or mixed questions of law and fact if the resolution of those questions also turn on an evaluation of credibility and demeanor. *See Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex.Crim.App.2006). However, if mixed questions of law and fact do not fall within these categories, appellate courts may conduct a de novo review of the trial court's ruling. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App.1997).

In addition, when as here no findings of fact were requested nor filed, the court of appeals views the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported

8

by the record. *See Ford v. State,* 158 S.W.3d 488, 493 (Tex.Crim.App.2005). If the trial court's decision is correct on any theory of the law applicable to the case, it will be sustained. *See Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App.2003). Further, the legal question of whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion underlying an investigatory detention is reviewed de novo. *See State v. Sheppard*, 271 S.W.3d 281, 286–87 (Tex.Crim.App.2008).

**1)      There was reasonable suspicion to detain the appellant.**

The Fourth Amendment does not forbid all seizures, just unreasonable seizures; *see Rhodes v. State*, 945 S.W.2d 115, 117 (Tex.Crim.App.1997), cert. denied, 522 U.S. 894, 118 S.Ct. 236, 139 L.Ed.2d 167 (1997), and, for purposes of constitutional analysis, both investigative detentions and arrests are seizures of a citizen by law enforcement officers. *See Zayas v. State*, 972 S.W.2d 779, 789 (Tex.App.—Corpus Christi 1998, pet. ref'd). The differences between the two are the degrees of intrusion involved and the different legal justifications required of each. *See id.* at 788–89. By definition, "[a] person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." *See* TEX. CODE CRIM. PROC. ANN. art. 15.22 (Vernon 2015).

9

This "restraint of liberty" standard, however, is not adequate when distinguishing between an arrest and a detention because it is a characteristic common to both. *See Francis v. State*, 922 S.W.2d 176, 179 (Tex.Crim.App.1996) (J. Baird, concurring and dissenting). Whether a person is under arrest or subject to a temporary investigative detention is a matter of degree and depends on the length of the detention, the amount of force employed, and whether the officer actually conducts an investigation. *See Woods v. State,* 970 S.W.2d 770, 775 (Tex.App.—Austin 1998, pet. ref'd). A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App.2000).

An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *See Ford*, 158 S.W.3d at 492. Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *See id.* at 492. In this case, the officer testified he believed appellant had committed the offense of criminal trespass (RR 3:172).

10

In this case, Officer Falks believed the appellant had committed (at the very least) criminal trespass (RR 3:172). A person commits the crime of criminal trespass if he "*... enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without effective consent and the person ... had notice that the entry was forbidden....*" *See* TEX. PENAL CODE ANN. § 30.05(a)(1) (Vernon 2011). Given the factual circumstances in which the officers detained the appellant (i.e., the time of night, the fact that the concession stand was closed and locked, the absence of school activities in that area, the prior complaints about an individual trespassing in the concession stand, and the attempted rapid departure of appellant from the scene as the officers approached) a reasonable officer witnessing the circumstances had, at the very least, reasonable suspicion to believe a criminal trespass was afoot. *E.g., Cotton v. State*, 480 S.W.3d 754, 759 (Tex.App.—Houston [1st Dist.] 2015, no pet.).[1]

---

[1] For another example, in *Mays v. State*, 726 S.W.2d 937 (Tex.Crim.App.1986), a police officer received a radio call regarding a burglary at a particular apartment. *See id*. at 943. When the officer arrived at the apartment, he saw one man standing at the apartment's front door and a second man sitting on the steps leading up to the apartment. *See id*. After the men confirmed they were together, the officer ordered them to come to him. The two men complied and were then detained. *See id*. The Court of Criminal Appeals determined the officer was justified in detaining the men since he reasonably believed they might have been involved in the recent burglary. *See id*. at 944; *see also Davis v. State*, 783 S.W.2d 313, 315–16 (Tex.App.—Corpus Christi 1990, pet. ref'd, untimely filed) (while responding to burglary alarm late at night, police officer who saw man riding bicycle two blocks from crime scene was justified in maintaining status quo momentarily while obtaining more information).

11

Appellant was susceptible to being lawfully detained for further investigation by the officers when they responded to Coach Lostracco's call that an unknown individual was loitering around the school baseball fields after hours. Based on the totality of the circumstances, there was a reasonable basis for the responding officers' suspicion that appellant may have been involved in a burglary, or was trespassing at that time (RR 3:174-75). Upon locating appellant inside the closed baseball concession stand, Officer Falks temporarily detained appellant, who was attempting to leave the scene, in order to determine the appellant's identity and obtain more information—specifically, if there was a valid reason for appellant being on ISD property. Although appellant was not free to leave, the totality of the circumstances does not support the conclusion appellant was under arrest at that time.

> **2)** **Because appellant was temporarily detained in the course of an investigation, and not in custody, no *Miranda* warnings were required before appellant was asked why he was at the scene.**

The need for *Miranda* warnings arises when a person has been subjected to a custodial interrogation. *See Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612. Article 38.22 of the code of criminal procedure generally precludes the use of statements that result from custodial interrogation absent compliance with its procedural safeguards. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2018). If a statement is not the result of a custodial interrogation, however, neither

12

*Miranda* nor article 38.22 requires its suppression. *See Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612; *Galloway v. State*, 778 S.W.2d 110, 112 (Tex.App.—Houston [14th Dist.] 1989, no pet.); *Arthur v. State*, 216 S.W.3d 50, 54–55 (Tex.App.—Fort Worth 2007, no pet.). The defendant also bears the burden of proving that a statement was the product of a custodial interrogation. *See Herrera v. State*, 241 S.W.3d 520, 526 (Tex.Crim.App.2007).

A person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *See Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex.Crim.App.1996) (citing *Stansbury v. California*, 511 U.S. 318, 322, 114 S. Ct. 1526, 1528–30 (1994)). Persons temporarily detained for the purposes of an investigation are not "in custody" for *Miranda* purposes, and the right to *Miranda* warnings is not triggered during an investigative detention. *See Berkemer v. McCarty*, 468 U.S. 420, 438–40, 104 S. Ct. 3138, 3149–51 (1984).

A temporary detention in which the person is not free to leave while the police officer investigates whether a crime has been committed is constitutionally permissible. *See Koch v. State*, 484 S.W.3d 482, 489 (Tex.App.— Houston [1st Dist.] 2016, no pet.) (citing *Sheppard*, 271 S.W.3d at 289). Officers may use such force as is reasonably necessary to effect the goal of the detention— investigation, maintenance of the status quo, or officer safety. *See id.*; *see also*

*Spillers v. State,* No. 01-15-00935-CR, 2017 WL 1738095, at \*4 (Tex.App.— Houston [1st Dist.], May 4, 2017, pet. ref'd) (mem. opinion, not designated for publication) (the fact that officer did not permit defendant to leave the scene during the ongoing investigation of a serious accident, alone, did not elevate the temporary detention to an arrest).

In determining whether a defendant was "in custody" for the purpose of applying Miranda, an appellate court "conducts a factual review in examining the circumstances surrounding the interrogation" and "makes an ultimate legal determination whether a reasonable person would not have felt at liberty to leave." *See State v. Saenz*, 411 S.W.3d 488, 493 (Tex.Crim.App.2013); *Koch*, 484 S.W.3d at 488. Whether a detention is an investigative detention or an arrest depends upon factors such as the amount of force displayed, the duration of a detention, the efficiency of the investigative process and whether it was conducted at the original location or she was transported to another location, and the police's expressed intent. *See Sheppard*, 271 S.W.3d at 291. When asked why he detained the appellant, one of the officers explained:

> STATE: For what purpose was [appellant] being detained at that point?
>
> OFFICER: For questioning, why he was in there.
>
> STATE: So, you hadn't detained him to put him under arrest at that point, had you?

14

| | |
|---|---|
| OFFICER: | No. |
| STATE: | Was this during -- he was being detained during the course of the investigation? |
| OFFICER: | Yes, that's exactly what it was, yeah. |
| STATE: | So, what did he say to you at that point? |
| DEFENSE: | Judge, I'm going to renew my objection.[2] |
| COURT: | Overruled. |
| | . . . |
| STATE: | Did he have any, in your opinion, valid reason for being in the concession stand? |
| OFFICER: | No. I think he said he was sleeping there. He had no place to go. |

(RR 3:174-75).

An investigative detention "occurs when a person yields to the police officer's show of authority under a reasonable belief that he is not free to leave." *See Crain v. State*, 315 S.W.3d 43, 49 (Tex.Crim.App.2010). Appellant complains that the trial court erred in denying his motion to suppress because he was in custody but not given *Miranda* warnings before he was asked why he was inside

---

[2] Defense counsel previously objected on the grounds of hearsay and because appellant was detained and was not *Mirandized* before questioning (RR 3:171-72).

15

the concession stand. Appellant argues he was in custody at the time of questioning because: (1) he was not free to leave; (2) he was not told he was free to leave; and (3) the officer subjectively believed there was probable cause to arrest the appellant for criminal trespass (Ant. Br. 14-15).[3] But the mere fact appellant was not free to leave at the time of questioning does not automatically mean appellant was in custody for purposes of *Miranda. E.g., Francis v. State*, 896 S.W.2d 406, 410 (Tex.App.—Houston [1st Dist.] 1995), pet. dism'd, 922 S.W.2d 176 (Tex.Crim.App.1996) ("one is not free to leave both when arrested and when temporarily detained for an investigation"). Whether he is placed in custody for a criminal offense or detained in the course of an investigation, a person is not "free to leave" under either scenario.

---

[3] The Court of Criminal Appeals has set out "at least four general situations" that may constitute custody:

> (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.

*See Koch*, 484 S.W.3d at 488 (citing *Saenz*, 411 S.W.3d at 496 (quoting *Dowthitt*, 931 S.W.2d at 255)). The fourth scenario, however, "does not automatically establish custody; rather, custody is established if the *manifestation of probable cause, combined with other circumstances*, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest." *See McCulley v. State*, 352 S.W.3d 107, 116 (Tex.App.—Fort Worth 2011, pet. ref'd) (emphasis added) (citing *Dowthitt*, 931 S.W.2d at 255).

Officer Falks momentarily detained appellant at the scene in order to determine appellant's identity and why he was on school property. This is permissible under a lawful detention based on reasonable suspicion. Appellant complains that his detention escalated into custody because Officer Falks believed he had probable cause to arrest appellant for criminal trespass. But the subjective intent as to whether the officer has probable cause for an arrest is relevant only to the extent that it is *manifested to the defendant* through words and actions of law enforcement officials. *See Dowthitt*, 931 S.W.2d at 254–55 (emphasis added); *see also Koch*, 484 S.W.3d at 489 ("We do not consider the subjective beliefs of the detaining officer when determining whether a suspect is in custody" unless "the officer manifests his belief to the detainee that he is a suspect."). Appellant was never told he was a suspect for any criminal offense, or under arrest, before being asked why he was on school property.

Considering all of the circumstances in the light most favorable to the trial court's ruling, the trial court did not err in concluding that *Miranda* was not triggered because, at the time appellant was questioned by Officer Falks outside of the concession stand. Appellant was not in custody at that time; rather, he was subjected to a reasonable investigative detention. *E.g., State v. Stevenson*, 958 S.W.2d 824, 828–29 (Tex.Crim.App.1997) (en banc) (holding detention and questioning by police officer during an accident and DWI investigation, without

17

more, was not custody); *Koch*, 484 S.W.3d at 489–90 (temporary detention in handcuffs in back of patrol car during DWI investigation did not amount to arrest so as to trigger *Miranda* rights). Because he was detained and not under arrest at the time of questioning, appellant's complaint that the requirements of *Miranda* were not followed should be overruled.

## Conclusion

Appellant was lawfully detained and questioned about his identity and why he was inside the concession stand. Appellant was not a student or faculty member and had no apparent authorization to be inside a closed school district facility. Consequently, appellant was detained by officer Falks in furtherance of an investigation of an apparent burglary. The fact the officer subjectively believed appellant was trespassing is immaterial because that belief was never manifested to the appellant. Accordingly, because appellant was detained and not under arrest or in custody, no *Miranda* warning was required before Officer Falks asked appellant who he was and why he was there.

**Prayer**

For these reasons, the State asks the Court of Appeals to overrule appellant's issues on appeal and affirm the trial court's judgment.

Respectfully submitted,

/s/ Jeri Yenne

_____

Jeri Yenne
State Bar No. 04240950
Brazoria County Criminal District Attorney

/s/ Trey D. Picard

_____

Trey D. Picard
State Bar No. 24027742
Assistant Criminal District Attorney

111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

ATTORNEY FOR THE APPELLEE,
THE STATE OF TEXAS

## Certificate of Service

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below, on **May 24, 2018**:

Joseph Kyle Verret
State Bar No. 24042932
Nguyen Jazrawi & Chen, LLP
3000 Wilcrest Dr., Suite 230
Houston, Texas 77042
(281) 764-7071
(281) 764-7071 Fax
kyle@verretlaw.com

By:

☐  personal delivery
☐   mail
☐  commercial delivery service
☑  electronic delivery / fax


/s/ Trey D. Picard
_____
Trey D. Picard
Assistant Criminal District Attorney

**Certificate of Rule 9.4 Compliance**

I certify that this electronically filed document complies with Rule 9.4

of the Texas Rules of Appellate Procedure and that the number of words is: **4,148.**

/s/ Trey D. Picard

_____

Trey D. Picard
Assistant Criminal District Attorney

22

# Appendix

No documents are attached.